Horace Evans **HENRY** and Sue Seitz Henry, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 22619.

United States Court of Appeals Fifth Circuit.

June 22, 1966.

---

Fountain D. Dawson, Greenville, Miss., William E. Logan, Floyd J. Logan, Gulfport, Miss., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Mitchell Rogovin, Chief Counsel, Richard P. Milloy, Atty., I. R. S., Richard M. Roberts, Acting Asst. Atty. Gen., Jeanine Jacobs, Meyer Rothwacks, David O. Walter, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before WISDOM and GEWIN, Circuit Judges, and McRAE, District Judge.

GEWIN, Circuit Judge:

This case presents a petition to review a decision of the Tax Court of the United States (District of Mississippi) which found a deficiency in the amount of $25,936.92 in taxpayer's [1] reported income tax for the year 1957 and assessed in addition to the tax the sum of $12,963.46 for fraud pursuant to Section 6653(b) [2] of the Internal Revenue Code of 1954.

During 1957, taxpayer was engaged in the business of subdividing, constructing and selling residential houses in Greenville, Mississippi. In his return for that year he showed gross receipts of $136,360, with costs and other deductions totaling $135,255, for a taxable net income of some $1,105. In 1959, the Internal Revenue Service began an investigation of taxpayer's return and in 1961 mailed him a deficiency notice for the

---

1. Petitioners are man and wife who filed a joint return during the year in question. The wife had no significant income during that year, so the husband is referred to as the "taxpayer."

2. § 6653(b)
"(b) *Fraud.*—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a)."

year 1957 in the amount of $63,679.33 with an additional assessment for fraud in the amount of $31,839.66.

Prior to trial, taxpayer entered into the following stipulation:

"4. The parties herein agree that the petitioners' correct net profit from the sale of houses in 1957 was at least in the amount of $62,369.98, computed as follows:

| | | | |
|---|---|---|---|
| Total receipts | | | $212,313.94 |
| Merchandise purchased | $78,532.76 | | |
| Taxes, interest and insurance | 7,424.71 | | |
| Depreciation | 3,850.27 | | |
| Truck, car and tool expense | 2,586.90 | | |
| Misc. building expense | 11,379.56 | | |
| Subcontract and labor | 22,174.16 | | |
| Cost of lots sold | 14,695.60 | | |
| Misc. rent expense | 300.00 | | |
| Total expenses not in dispute | | $140,943.96 | |
| Less: | | | |
| Building expenses in dispute | $ 3,000.00 | | |
| Depreciation expenses in dispute | 1,000.00 | | |
| Cost of lots in dispute | 5,000.00 | | |
| Total expenses in dispute | | 9,000.00 | 149,943.96 |
| Net profit | | | $ 62,369.98" |

Taxpayer further stipulated that he had underestimated his taxable income by *at least* $59,891 ($62,369.98 less $1,105 originally declared, less a $2,478.12 farm loss conceded by the Commissioner). Once the stipulation had been signed, there were but four disputed issues to be decided: (1) $3,000.00 building expense; (2) $1,000.00 depreciation expense;[3] (3) $5,000.00 additional cost of lots; (4) fraud under Section 6653(a). Only (3) and (4) are pertinent to this appeal.

During trial, taxpayer introduced evidence showing an expenditure of $3,480.00 for utility improvements made on lots sold during 1957. He contended the entire amount should be allowed. The Government showed that the expenditure in question was made to improve a total of 45 lots, but that only 20 of them were *actually sold* during 1957. Therefore, it was argued, only 20/45ths of the expenditure or $1,546.67 should be allowed.

Taxpayer also attempted to introduce evidence of other costs of lot development greatly in excess of the $5,000 left in dispute by the stipulation. He contended that he had signed the stipulation in ignorance and that justice required that he be allowed to repudiate that portion dealing with cost of lots. Counsel for the Commissioner protested vigorously, pointing out that taxpayer had many months during investigation and confer-

---

3. The Tax Court allowed the $3,000.00 building expense, and petitioner conceded as to the $1,000.00 depreciation.

ences to come forward with such evidence and that the final stipulation was in his possession for an entire week prior to his signing it. After the stipulation was drafted, the petitioner took it home for consideration and study. It was signed by his attorney and mailed back a week later.

As to the fraud issue, taxpayer contended he had used the "bank deposits" (cash) method of accounting and that his attorney had mistakenly included loan *renewals* along with loans outstanding in arriving at the gross receipts figure. He admitted he kept inadequate records, but contended that the error on the part of his attorney did not amount to an intentional understatement. The Government introduced evidence showing the taxpayer had attempted to conceal three bank accounts and that taxpayer and his attorney had given inconsistent statements concerning their method of preparing the return. Taxpayer testified he had turned over *all* his underlying records to his attorney, while the attorney testified taxpayer had not given him such records.

The Tax Court allowed ²⁰⁄₄₅ths of the $3,480 (or $1,546.67) paid for utility improvements to forty-five lots under the theory that such improvements were a capital investment and could only be deducted during the year of sale, it being undisputed that only 20 lots were sold during the year in question. It refused to allow the taxpayer to repudiate that portion of the stipulation limiting cost of lot development to $19,695.60 ($14,-695.60 undisputed; $5,000 disputed). The Court also found taxpayer had understated his income in his return with intent to defraud. (This case is not officially reported, but see Henry, 23 CCH TCM 1005; 33 P–H TCH 110). The taxpayer disagreed with these three determinations and filed his petition for review.

As to taxpayer's contention that the entire amount spent for utility improvements on 45 lots should be allowed when only 20 of them were actually sold during 1957, we affirm the decision of the Tax Court. Such costs are capital expenditures and are only recovered during the year of sale. Commissioner of Internal Revenue v. Laguna Land & W. Co., 118 F.2d 112 (9 Cir. 1941). See generally, 3A Mertens, Federal Income Taxation § 21.14.

The record does not support taxpayer's contention that the Tax Court abused its discretion in refusing to allow him to repudiate the stipulation. Stipulations entered into freely and fairly shall not be set aside except to avoid manifest injustice. Associated Beverages Co. v. P. Ballantine & Sons, 287 F.2d 261 (5 Cir. 1961); Brinson v. Tomlinson, 264 F.2d 30 (5 Cir. 1959); Rule 31, Rules of Procedure, Tax Court of the United States, 28 U.S.C.A. § 7453.[4] A careful review of the record and briefs convinces us that the Tax Court did not abuse its discretion by refusing to allow taxpayer to repudiate the stipulation, since no evidence of "manifest injustice" is present. Taxpayer had ample time to raise the issue of added cost before trial. None of the evidence was newly discovered. Furthermore, taxpayer failed to show such evidence was pertinent.

As to the fraud determination, we are in full agreement with the conclusion of the Tax Court. Since this is a case of "civil" fraud, there is no burden on the Commissioner to prove same "beyond a reasonable doubt." Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938). The Court had sufficient evidence to support a finding of intent to defraud. We consider the following four factors persuasive: (1) the amount of the understatement; (2) inadequate and poor records; (3) concealment of bank accounts; and (4) incon-

---

4. The pertinent portion of the rule is as follows:

"(6) *No evidence received to alter or contradict.* The Court may set aside a stipulation in whole or in part where justice requires, but otherwise will not receive evidence tending to qualify, change, or contradict any fact properly introduced into the record by stipulation."

sistent testimony during trial. Findings of fact of the Tax Court shall not be overturned unless "clearly erroneous." Boyett v. Commissioner of Internal Revenue, 204 F.2d 205 (5 Cir. 1953); Woodham v. Commissioner of Internal Revenue, 256 F.2d 201, 204 (5 Cir. 1958).

We have considered all of the taxpayer's other contentions and consider them so completely lacking in merit that they do not warrant discussion.

The petition is denied and the decision of the Tax Court is affirmed.