Louis Novinson v. Commissioner.
Novinson v. Commissioner
Docket No. 4623-68.
United States Tax Court
T.C. Memo 1970-14; 1970 Tax Ct. Memo LEXIS 346; 29 T.C.M. (CCH) 39; T.C.M. (RIA) 70014; January 19, 1970, Filed. Thomas F. Roche and James F. Flanagan, 111 W. Washington St., Chicago, Ill., for the petitioner. James E. Caldwell, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined the following deficiencies and additions to tax with respect to petitioner's income taxes for the taxable years 1961 and 1962: Addition
Addition
Addition
to
to
to
tax, sec.
tax, sec.
tax, sec.
6653(b),
6651(a),
6653(a)
I.R.C.
I.R.C.
I.R.C.
Year
Deficiency
[1] 1954
[2] 1954
[3] 1954
1961
$45,824.84
$22,912.42
1962
651.00
$162.75
$32.55
*347 Although petitioner had assigned error in his petition to the deficiencies asserted, he has subsequently conceded the correctness of the deficiencies and contests only the fraud penalty. The sole issue for decision is whether any part of the deficiency for the year 1961 is due to fraud with intent to evade tax. All of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Louis Novinson (hereinafter referred to as petitioner) was a resident of Oak Lawn, Illinois, at the time his petition in this case was filed. On June 14, 1963, petitioner filed his individual Federal income tax return for the taxable year 1961 with the district director of internal revenue, Chicago, Illinois. Petitioner did not file a return for the taxable year 1962. National Maintenance Corporation (hereinafter referred to as Maintenance) was incorporated under the laws of the State of Illinois on June 19, 1956. On June 20, 1956, the capital stock of Maintenance consisting of 20 shares of common stock, par value $100, was issued to petitioner. On the same date, Maintenance borrowed $50,000 from Ben R. Stein *348 for use as working capital. In return for this loan, Maintenance agreed to pay Ben R. Stein 50 percent of its annual net profits. Petitioner served as first vice-president and general manager of Maintenance from June 2, 1958, to September 14, 1961, and as president and general manager during the year 1961. Maintenance's business activity consisted of providing janitorial and maintenance personnel to businesses in the Chicago area, on a temporary basis. On September 14, 1961, Maintenance was dissolved and its assets were acquired by National Stevedoring Services, Inc. (hereinafter referred to as Stevedoring). The business activity of Stevedoring consisted of providing temporary stevedoring labor to customers on the Chicago docks. Maintenance maintained two checking accounts in 1961 at the Cosmopolitan National Bank of Chicago, Illinois. Only one of these accounts was reflected in the records of Maintenance. Petitioner and Ben R. Stein were authorized to sign the checks drawn on these accounts. Deposits to the unrecorded account amounted to approximately $750,000 during the years in question. These deposits represented sales income of certain unrecorded sales of Maintenance and *349 the proceeds of loans receivable which were not reflected in the records of Maintenance. During the taxable year 1961, petitioner withdrew $27,097.76 from the unrecorded account by drawing checks made payable to himself against such account. After 40 cashing the checks, petitioner deposited the proceeds in his personal bank account. Maintenance's recorded account was reflected in its corporate records as "Miscellaneous Accounts Receivable." During 1961 petitioner drew checks totaling $43,500 against this account made payable to himself, and after cashing such checks diverted the proceeds to his personal use and benefit. Such amounts represent concealed sales income of Maintenance. During the taxable year 1961, petitioner received salary in the sum of $3,575 from Maintenance. Neither the amounts withdrawn from the Cosmopolitan National Bank of Chicago accounts in 1961 nor the salary payments of $3,575 were reported by petitioner in his 1961 income tax return. When questioned by a special agent of the Intelligence Division of the Internal Revenue Service regarding the source of the funds deposited in the unrecorded and recorded bank accounts at the Cosmopolitan National Bank *350 of Chicago, petitioner declined to answer, asserting his Fifth Amendment privilege. Petitioner also refused to produce books and records necessary for a proper inquiry as to the amounts he received from Maintenance in 1961. Petitioner's Federal income tax return for the taxable year 1961 discloses gross income in that year totaling $2,130. The Commissioner determined the deficiencies set forth above on the stated ground that petitioner failed to report additional income of $74,172.76. In addition, a 50 percent fraud penalty was asserted under the provisions of section 6653(b) for the year 1961. Respondent further determined a deficiency of $651 for the taxable year 1962 on the ground that petitioner failed to report income in the amount of $4,800 in such year. A delinquency penalty of 25 percent under section 6651(a) and a negligence penalty of 5 percent under section 6653(a) for the year 1962 were also asserted for failure to file a return timely. The sole issue for decision is whether any portion of the deficiency for the year 1961 was due to fraud within the meaning of section 6653(b). The burden of proof in respect of such issue is on the respondent, who must establish the *351 existence of fraud by clear and convincing evidence. Section 7454(a), Internal Revenue Code of 1954; Bryan v. Commissioner, 209 F. 2d 822 (C.A. 5, 1954), affirming a Memorandum Opinion of this Court, certiorari denied 348 U.S. 912 (1955). The facts of the instant case are not in dispute. Petitioner, as president and managing officer of Maintenance, a corporation of which he was the sole shareholder, admittedly concealed a substantial portion of its income by failing to record numerous transactions in the corporate books. A portion of the income derived from these transactions was then deposited in an unrecorded bank account at the Cosmopolitan National Bank of Chicago. Deposits in this account amounted to approximately $750,000. The balance of such income was deposited in a recorded bank account, but was reflected in the corporate records as "Miscellaneous Accounts Receivable." Petitioner then withdrew substantial sums of money representing the concealed profits of Maintenance from these accounts for his personal use, as described above. Petitioner has conceded that such amounts constitute income to him in the taxable year 1961. His *352 understatement of income during 1961 was equal to 35 times his reported income of $2,130 for such year. Under the facts of this case, we think it abundantly clear that petitioner's conduct was designed to evade income taxes. Our conclusion is reinforced by petitioner's failure to testify on his behalf or offer any explanation for his conduct. Accordingly, respondent's determination of an addition to tax under section 6653(b) of 50 percent is sustained. See Henry v. Commissioner, 362 F. 2d 640 (C.A. 5, 1966), affirming a Memorandum Opinion of this Court; and Bryan v. Commissioner, supra.
Decision will be entered for the respondent. Footnotes
1. Fraud penalty ↩
2. Delinquency penalty ↩
3. Negligence penalty↩