James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

Bidwell A. JONES, Individually, and d/b/a B. A. Jones Casing Crew, Defendant-Appellee.

No. 28896.

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1970.

Beverley R. Worrell, Regional Sol., U. S. Dept. of Labor, Joe D. Sparks, Atlanta, Ga., Laurence H. Silberman, Sol. of Labor, Bessie Margolin, Associate Sol., Carin Ann Clauss, Le Roy M. Jahn, Attys., U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Swep S. Taylor, Jr., Jackson, Miss., W. Vol Jones, Waynesboro, Miss., for defendant-appellee.

Before RIVES, WISDOM and GODBOLD, Circuit Judges.

PER CURIAM:

This is an action by the Secretary of Labor under § 17 of the Fair Labor Standards Act [1] to enjoin the defendant employer from violating the Act's overtime and record keeping provisions with respect to his oil field employees and to restrain the withholding of funds due the employees in unpaid overtime compensation. The District Court enjoined the defendant from further violations, and defendant concedes the power of the court to enter that order and does not attack its correctness.

However, the District Court also held that, although the employer had erroneously calculated overtime, the government had not proved the amount due each employee for such overtime and that the evidence before the court was insufficient for such calculation to be made, and denied relief to the employees for back pay due for overtime. This was error. *E.g.,* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1945); Mitchell v.

Riley, 296 F.2d 614 (5th Cir. 1961); Mitchell v. Mitchell Truck Line, Inc., 286 F.2d 721 (5th Cir. 1961). *See also:* Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 424–425, 65 S.Ct. 1242, 89 L.Ed. 1705, 1710 (1944). The case is remanded to the District Court for establishment of the amount due each employee and entry of an order restraining the employer from withholding the back wages thus calculated to be due.

Affirmed in part, reversed and remanded in part.