Ray **MARSHALL**, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

**MAMMAS FRIED CHICKEN, INC. d/b/a Fred Abood's Green Derby Restaurant and Fred J. Abood, an Individual, Defendants-Appellees.**

No. 78–1928
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Carin Ann Clauss, Sol. of Labor, Donald S. Shire, Dennis D. Clark, Heidi D. Miller, Attys., U. S. Dept. of Labor, Washington, D. C., Bobbye D. Spears, Dept. of Labor, Atlanta, Ga., for plaintiff-appellant.

William H. Andrews, Jacksonville, Fla., for defendants-appellees.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

This action was brought by the Secretary of Labor under the Fair Labor Standards Act, 29 U.S.C. § 217, to enjoin the defendants from violating the minimum wage and overtime provisions of the Act and to restrain the withholding of minimum wages and overtime compensation. The parties reached a settlement as to the amounts of minimum wages owed. Thus, the only issues at trial were whether the defendants had violated the overtime provisions of the Act and, if so, how much the employees were entitled to and whether an injunction against further violations should be issued.

At trial, the defendants admitted that they had not paid any overtime compensation. Thus, if any overtime had been worked, the defendants had violated the Act. The government compliance officer testified that based upon the defendants' weekly payroll journal the defendants' employees had in fact worked overtime. The government submitted into evidence its computation sheets of unpaid overtime wages for each employee. For some of the employees, this figure was computed by subtracting the number of hours in a regular work week from the number of hours per week recorded in the payroll journal. In cases where the payroll journal did not reflect the number of hours worked, this figure was computed by dividing the employee's gross weekly salary by his hourly wage. This is called the reconstruction method. On cross-examination of the compliance officer, defense counsel demonstrated that some of the officer's reconstructed employee hours were inaccurate. Based on this showing by the defense, the trial court dismissed the case after receiving all the evidence. The court stated that the government had adduced no competent evidence of the number of hours worked or the amount of money owed to the defendants' employees.

The trial court erred in ruling the evidence inadmissible and in dismissing the case. Although the evidence was not perfectly accurate, it provided a sufficient basis to calculate the number of hours worked by each employee. *Hodgson v. Jones*, 434 F.2d 1061 (5th Cir. 1970); *Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721 (5th Cir. 1961). To the extent that the evidence was inaccurate, the inaccuracy was due to the defendants' failure to keep more adequate records. "The solution, however, is not to penalize the employee . . . ."

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1945). The record reflects an overwhelming abundance of evidence that overtime hours had been worked without adequate compensation. The case is remanded to the trial court for a determination of the amounts the defendants may owe to each employee and whether an injunction should be issued.

REVERSED and REMANDED.