Raymond J. DONOVAN, Secretary of
Labor, Plaintiff-Appellee,

v.

HAMM'S DRIVE INN, Etc., et al.
Defendants-Appellants.

No. 80-3428
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 29, 1981.

Emile M. Weber, Baton Rouge, La., for
defendants-appellants.

Donald S. Shire, Barbara E. Kahl and
Mary-Helen Mautner, Washington, D. C.,
for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. requires employers to pay minimum wages, to pay employees for overtime and to keep records of hours worked. The trial court found that the corporate employer did not pay either minimum wages or overtime due its employees and did not maintain the required records. The corporate employer and its officers appeal the money judgment and injunction entered against them. We find the trial judge's conclusions of law correct and his factual findings amply supported by the record, and, therefore, we affirm his decision.

The trial judge's fact findings stand unless we are satisfied that they are clearly erroneous. Rule 52(a), Fed.R.Civ.P. They have not been shown to be in error and, accepting them, we outline them briefly.

Hamm's Drive-Inn, Inc. (Hamm's), is a corporation whose stock is owned by Ms. Elsie Hamm Rucker and Mr. Edwin Rucker. Ms. Rucker is the corporate president, Mr. Rucker, the vice president. Both are active in the management of the business. Hamm's provides a catering service to businesses, preparing and sending packaged meals by truck to industrial sites. From 1973 to the early part of 1975, Hamm's kept neither daily nor weekly records of the hours worked by its employees. It recorded only the week in which an employee worked and the amount paid that person. Most employees were paid about $50.00 a week. During that period the minimum wage increased from $1.60 to $2.00 per hour.

The district court judge doubted Ms. Rucker's testimony that, when the minimum wage increased, the company reduced the hours of work to maintain a constant weekly wage. Instead, he credited the testimony of employees that they were paid by the week and not the hour, were paid less than minimum wage for the hours they worked, and that they were not paid overtime when due. The court estimated the average weekly hours worked [1] based on the testimony of the employees since the employers had not kept records, and rendered judgment, ordering Hamm's, Ms. Rucker and Mr. Rucker to pay the plaintiff $65,-447.22. The court also enjoined future FLSA violations.

Hamm's and its owners contend that Hamm's is not covered by the FLSA because it is not engaged in interstate commerce. See 29 U.S.C. § 203. Alternatively, they contend that, if covered, Hamm's is exempt as a retail or service establishment. 29 U.S.C. § 213(a)(2).

The parties stipulated before trial that Hamm's is an enterprise engaged in commerce or in the production of goods for commerce subject to the FLSA. 29 U.S.C. § 203(s)(1). They stipulated to each specific fact necessary to support that conclusion. They are bound by this stipulation, which we would reverse only if manifest injustice were shown or if the evidence contrary to the stipulation were substantial. *Loftin & Woodard, Inc. v. United States*, 577 F.2d 1206, 1232 (5th Cir. 1978); *Henry v. Commissioner*, 362 F.2d 640, 643 (5th Cir. 1966). Moreover, aside from conclusory statements in their motion for new trial, the defendants did not raise the coverage defense below. The very nature of an appellate system precludes litigants from raising issues for the first time on appeal. *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976); *Tomlinson v. Lefkowitz*, 334 F.2d 262, 266 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965).

The contention that a business is exempt from FLSA coverage as a retail or service establishment, 29 U.S.C. § 213(a)(2), is an affirmative defense that is waived if not pleaded. *Brennan v. Valley Towing Co.*, 515 F.2d 100, 104 (9th Cir. 1975). That

---

1. The district judge found that workers on the morning shift worked an average of 48 hours per week, and the workers on the evening shift worked an average of 54 hours per week.

defense, also, was not raised below, and we do not now consider it.

The employees in whose ultimate favor the judgment runs were not parties to the suit, nor need they have been. The Secretary of Labor is authorized to seek relief for employees denied statutory minimum wage rates on his own motion without request from or joinder of the injured workers. *Wirtz v. Jones*, 340 F.2d 901, 903 (5th Cir. 1965). Injunctive relief may properly be coupled with a back pay judgment. 29 U.S.C. § 217, *see, e. g., Wirtz v. Jones*, 340 F.2d at 903; *Hodgson v. Katz & Besthoff, # 38, Inc.*, 365 F.Supp. 1193, 1194–95 (W.D.La.1973). *Cf. Marshall v. A & M Consol. Independent School*, 605 F.2d 186, 189 (5th Cir. 1979) (an injunctive action to collect back wages is appropriate in an Equal Pay Act case by analogy to an injunctive action under the FLSA).

The challenge to the amount of the judgment fails for lack of evidence that it is incorrect.

> "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employees even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515, 1522–1523 (1946); *Marshall v. Hope Garcia Lancarte*, 632 F.2d 1196, 1197–98 (5th Cir. 1980); *Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979). Evidence used to calculate wages owed need not be perfectly accurate, since the employee should not be penalized when the inaccuracy is due to a defendant's failure to keep adequate records. *Id.*

The court found, based on the testimony of employees, that certain groups of employees averaged certain numbers of hours per week and awarded back pay based on those admittedly approximate calculations. After the employees testified, Hamm's produced no evidence of the precise hours worked, nor did it "negative the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens*, 328 U.S. at 688, 66 S.Ct. at 1192, 90 L.Ed. at 1523. The court's calculations were made in accordance with accepted practice; the appellants have failed to demonstrate that they are clearly erroneous. Appellants' argument that the wages awarded differed from the wages requested is frivolous. The judgment is the responsibility of the court, based on the evidence presented. *See generally Marshall v. Hope Garcia Lancarte*, 632 F.2d 1196, 1198 (5th Cir. 1980).

Finally, the Ruckers seek exoneration from the personal restraint of the injunction. 29 U.S.C. § 203(d) includes in the definition of employer "any person acting directly or indirectly in the interest of an employer in relation to an employee." An officer of a corporation may, therefore, be restrained along with a corporate employer. *See Shultz v. Mack Farland & Sons Roofing Co.*, 413 F.2d 1296, 1300 (5th Cir. 1969). The parties stipulated that they "act and have acted, directly and indirectly, in the interest of the defendant corporation in relation to its employees." The injunction was appropriately directed at the two owner-officers as well as against the corporation.

For these reasons, the judgment is AFFIRMED.