Rosemary J. WASCURA, Plaintiff-Appellee,

v.

Neil CARVER, et al., Defendants-Appellants.

No. 98-4124.

United States Court of Appeals,

Eleventh Circuit.

March 9, 1999.

Appeal from the United States District Court for the Southern District of Florida. (No. 97-2521-CIV-UUB), Ursula Ungaro-Benages, Judge.

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

CARNES, Circuit Judge:

The defendants, various public officials, appeal from the district court's denial of their motion to dismiss plaintiff Rosemary Wascura's Family and Medical Leave Act ("FMLA") claim against them in their individual capacities. Because the law of this circuit requires us to conclude that public officials in their individual capacities are not "employers" under the FMLA, we hold that there is no federal subject matter jurisdiction over these claims. We therefore reverse the district court's denial of the defendants' motion to dismiss insofar as the FMLA claim against them in their individual capacities is concerned.

## I. BACKGROUND

Plaintiff Rosemary Wascura worked for the City of South Miami as City Clerk from August 1981 until her termination on May 16, 1995. The defendants, who were Wascura's supervisors when she was terminated, are Neil Carver, the former Mayor of the City, R. Paul Young, the former Vice Mayor of the City, Ann Bass, a former City Commissioner, and Thomas Todd Cooper, a former City Commissioner.

For present purposes, we are required to assume that all the allegations of Wascura's complaint are true. *See, e.g., Mesa v. United States,* 123 F.3d 1435, 1437 (11th Cir.1997). According to those allegations, in August 1994 Wascura's twenty-seven year old son, Shane, "began to experience the end stages of AIDS and was unable to care for himself or to obtain the close medical attention he needed." Shane asked Wascura

if he could move in with her, and she agreed. Shortly thereafter, he came to live with Wascura and her family. At some point prior to February 1995, Wascura "personally notified Carver, Young, Bass and Cooper of her son's illness and her consequent potential need to take time off to care for her son, first as paid leave until her vacation and sick pay were exhausted, and then later as unpaid leave." Although Shane was hospitalized twice between August 1994 and May 1995, Wascura took off only 20 hours from her job and still had an additional 900 hours of available vacation and sick leave remaining. Nevertheless, in May 1995, Mayor Carver confronted Wascura and demanded that she resign because of her "situation at home." After she refused to resign, Carver, Young, Bass, and Cooper terminated Wascura at a May 1995 City Commission meeting.

Wascura then sued Carver, Young, Bass, and Cooper ("the defendants") in their individual capacities, alleging that she was terminated for attempting to exercise her rights under the FMLA.[1] The FMLA entitles an eligible employee to, among other things, twelve work weeks of leave during any 12-month period to care for her child if the child has a serious health condition. *See* 29 U.S.C. § 2612(a)(1)(c). The defendants promptly filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that they were not "employers" within the meaning of the FMLA and therefore could not be held individually liable under the FMLA, or alternatively that they were entitled to qualified immunity. The district court denied that motion, and the defendants bring this interlocutory appeal from the denial of qualified immunity.

## II. DISCUSSION

On appeal, the defendants contend that the district court's denial of their motion to dismiss was in error for two reasons: 1) they are not employers under the FMLA, and thus are not subject to liability; and 2) they are entitled to qualified immunity.

---

[1]Wascura also sued the City for violating her rights under the FMLA and the Americans with Disabilities Act, but her claims against the City are not at issue here. Those claims were still pending in the district court at the time of this appeal.

We have interlocutory appellate jurisdiction over denials of qualified immunity, and that includes the authority to decide in the interlocutory appeal whether the alleged action by the defendant officials is a violation of federal law at all, clearly established or not. *See, e.g., County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708, 1714 n. 5, 140 L.Ed.2d 1043 (1998); *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). If a district court lacks subject matter jurisdiction over a claim, that claim cannot provide a basis for imposing liability, and it necessarily follows that the claim states no violation of federal law. Where that is the case, the qualified immunity issue is thereby resolved or mooted. So, we begin by examining whether the district court had subject matter jurisdiction over the FMLA claim against these defendants in their individual capacities.

We agree with the Sixth Circuit that where a defendant in an FMLA suit does not meet the statutory definition of "employer," there is no federal subject matter jurisdiction over the claim against that defendant. *See Douglas v. E.G. Baldwin & Assocs., Inc.,* 150 F.3d 604, 608 (6th Cir.1998). "If the Court were to exercise jurisdiction where the employer does not meet the statutory prerequisite, it would effectively be expanding the scope of the [FMLA], and the scope of our limited [federal question] jurisdiction as defined by Congress...." *Id.* This conclusion comports with our previous holding that the question whether a defendant meets the definition of "employer" under Title VII determines if there is subject matter jurisdiction over that claim. *See Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1359 (11th Cir.1994). We turn now to the question of whether the district court had subject matter jurisdiction over the FMLA claim against the defendants in their individual capacities.

The FMLA provides that "any employer" who interferes with or denies any rights provided to an employee under the Act is liable for damages. 29 U.S.C. § 2617(a). The term "employer" is defined in 29 U.S.C. § 2611(4)(A) as follows:

The term "employer"—

3

(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes—

(I) *any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer;* and

(II) any successor in interest of an employer;

(iii) includes any "public agency", as defined in section 203(x) of this title; and

(iv) includes the General Accounting Office and the Library of Congress.

(emphasis added).

This is our first occasion to address the meaning of "employer" under the FMLA. The defendants contend that, in interpreting this definition, we should adopt the course we followed in interpreting the definition of "employer" used in Title VII, the ADEA, and the ADA, and hold there is no individual liability under the FMLA. *See Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (no individual liability under Title VII); *Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir.1995) (no individual liability under the ADEA); *Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir.1996) (no individual liability under the ADA). Those precedents would be applicable if the FMLA's definition of "employer" were identical to that used in the other statutes, but it is not. Those other statutes define an employer as a person engaged in an industry affecting commerce who employs a certain number of people, including "any agent of such [a] person." 42 U.S.C. § 2000e(b) (Title VII); 29 U.S.C. § 630(b) (ADEA); 42 U.S.C. § 12111(5)(A)(ADA). In contrast, the FMLA defines "employer" more expansively to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I).

Instead of tracking the definition in those other statutes, the FMLA's definition of "employer" is more similar to, actually it is materially identical with, the definition of "employer" used in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d). The FLSA definition says " '[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public

4

agency...." The only difference is that the FLSA definition inserts the words "in relation" before the phrase "to any of the employees." That difference is a matter of grammar, not substance. The fact that Congress, in drafting the FMLA, chose to make the definition of "employer" materially identical to that in the FLSA means that decisions interpreting the FLSA offer the best guidance for construing the term "employer" as it is used in the FMLA.

In addition, the applicable Code of Federal Regulation provision indicates that the term "employer" in the FMLA should be given the same meaning as its counterpart in the FLSA. Specifically, 29 C.F.R. § 825.104, which addresses the issue of "[w]hat employers are covered by the [FMLA]," provides in pertinent part as follows:

> (a) ... Employers covered by FMLA also include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer....
>
> * * *
>
> (d) An "employer" includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees. The definition of "employer" in section 3(d) of the Fair Labor Standards Act (FLSA), 29 U.S.C. 203(d), similarly includes any person acting directly or indirectly in the interest of an employer in relation to an employee. As under the FLSA, individuals such as corporate officers "acting in the interest of an employer" are individually liable for any violations of the requirements of FMLA.

For these reasons, in the absence of any FMLA decisions on point in this circuit, we look to FLSA decisions to determine whether the term "employer" includes a public official in his or her individual capacity. Our decision in *Welch v. Laney,* 57 F.3d 1004 (11th Cir.1995), says it does not.

The plaintiff in *Welch* was a female dispatcher for the Cullman County Sheriff's Department. She reported directly to Cullman County Sheriff David Laney. After discovering that a male dispatcher in the Sheriff's Department was receiving a higher salary, she sued, among other parties, Sheriff Laney in both his official and individual capacities for a violation of the Equal Pay Act. *See Welch,* 57 F.3d at 1007. The Equal Pay Act is simply an extension of the FLSA and incorporates the FLSA's definition of "employer." *See Corning Glass Works v. Brennan,* 417 U.S. 188, 190, 94 S.Ct. 2223, 2226, 41 L.Ed.2d 1 (1974) (noting that

5

the Equal Pay Act of 1963, 77 Stat. 56, § 3, merely "added to § 6 of the Fair Labor Standards Act of 1938 the principle of equal pay for equal work regardless of sex").

The issue on appeal in *Welch* was whether Sheriff Laney in his official and individual capacities was an "employer" as that term is defined under the FLSA, 29 U.S.C. § 203(d). Although we recognized that Sheriff Laney was an "employer" in his official capacity, we held that "Sheriff Laney in his individual capacity had no control over [the plaintiff's] employment and [therefore did] not qualify as [an] employer under the Act." *Welch,* 57 F.3d at 1011. Thus, *Welch* establishes as the law of this circuit that a public official sued in his individual capacity is not an "employer" subject to individual liability under the FLSA. Because "employer" is defined the same way in the FMLA and FLSA, *Welch* controls this case.

Wascura submitted, as supplemental authority in support of the position that there is individual liability under the FLSA, the case of *Donovan v. Hamm's Drive Inn,* 661 F.2d 316 (5th Cir. Unit A Sept.1981). However, the *Welch* decision is not inconsistent with *Donovan,* which involved a suit against a private corporation and its corporate officers. No government officials were defendants in *Donovan,* and it merely recognized that an individual can be an "employer" under the FLSA. *See Donovan,* 661 F.2d at 318; *see also Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir.1986). That question is different from the more specific one *Welch* addressed: whether a public official acting as such can be an "employer" not only in his official capacity but also in his individual capacity. *See Welch,* 57 F.3d at 1010-11. Thus, there is no intracircuit conflict on the issue.

Wascura argues that the reasoning of *Welch* is unclear and inadequate to support its holding. We have no occasion to pass on that criticism, because we are bound by the *Welch* decision regardless of whether we agree with it. *See, e.g., Chambers v. Thompson,* 150 F.3d 1324, 1326 (11th Cir.1998) ("We are bound to follow a prior panel or en banc holding, except where that holding has been overruled or undermined to the point of abrogation by a subsequent en banc or Supreme Court decision."); *United States v. Steele,* 147

6

F.3d 1316, 1317-18 (11th Cir.1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.").

We hold that a public official sued in his or her individual capacity is not an "employer" under the FMLA, and therefore there is no federal subject matter jurisdiction over such a claim. The district court should have dismissed the FMLA claim insofar as it is asserted against the defendants in their individual capacities.

### III. CONCLUSION

REVERSED and REMANDED for further proceedings consistent with this opinion.