United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60839
_____

MICHAEL E. GRAHAM; ROSALIND LOUISE GRAHAM,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

Appeal from the Tax Court
No. 7298-95

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Michael and Rosalind Graham ("Michael," "Rosalind," collectively "Grahams") appeal the Tax Court judgment against them for violating, inter alia, 26 U.S.C. (I.R.C.) §§ 6661(a)[1] and § 6653(b).[2] In each of the relevant tax years, the Grahams failed to file a tax return. After investigation by the criminal investigation division of the Internal Revenue Service ("IRS"), in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 26 U.S.C. (I.R.C.) § 6661(a), now repealed (see Pub.L. 101-239, Title VII, § 7721(c)(2), Dec. 19, 1989, 103 Stat. 2399), added to the tax liability for unexcused, nonpayment of taxes.

[2] 26 U.S.C. 6653(b) in pertinent part reads:
(b) Fraud. If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.

1989 the Grahams filed a tax return for tax year 1984 reporting total gross income of $18,000. This return failed to report $41,000 of income from the sale of stock, which the Grahams contested. Additionally, the Grahams filed a return reporting gross income of $122,000 for tax year 1985, and a return reporting gross income of $182,000 for tax year 1986. The 1985 and 1986 returns omitted significant items of income.

The United States Attorney, Southern District of Texas, indicted Michael Graham for one count of criminal tax evasion for tax year 1986. On December 23, 1986, Michael pled guilty. The plea agreement included provisions stating that the agreement "binds only the United States Attorney's Office for the Southern District of Texas and the defendant," as well as a promise from Michael "to cooperate with the Internal Revenue Service to resolve his tax matters." R. Doc. 1, Ex. B, ¶¶ 12 & 17. The plea agreement did permit Michael to contest the amount of tax liability and penalties as to the 1986 tax year.

In February 1995, the Commissioner issued a notice of deficiency as to tax years 1984 and 1986, additions to tax for substantial understatements (under I.R.C. § 6661(a)) for 1984, 1985, and 1986, and additions to tax for fraud (under I.R.C. § 6653(b)) for 1984, 1985, and 1986 against Michael Graham. After the Commissioner issued the notices and engaged in some preliminary discussions with the Grahams, a series of delays ensued. The Grahams, collectively and individually, changed counsel multiple

times, Rosalind declared bankruptcy, Rosalind had medical problems, and both Grahams avoided phone calls and meetings with the Commissioner.

On June 3, 1998, the IRS and the Grahams entered into a Stipulation of Settled Issues which were submitted to the Tax Court. In the Stipulations, the Grahams largely conceded the amounts posited by the Commissioner. However, shortly after the Stipulations were filed, Rosalind Graham asserted an innocent spouse defense for each of the tax years at issue and obtained another continuance to prepare this defense.

After further delays and continuances, on October 21, 2002, the Grahams and the IRS entered into a Supplemental Stipulation of Settled Issues. The figures relating to the tax deficiencies were altered, and the parties stipulated that Rosalind Graham was entitled to innocent spouse relief for tax year 1984, but not for 1985. Supp. Stipulation of Settled Issues at 2 ¶11. For tax year 1986, the parties agreed Rosalind was entitled to innocent spouse relief with respect to $35,000 only (not with respect to an additional $220,000). Id. The stipulations concluded by stating, "[a]ll issues in this case have been resolved in the Stipulation of Settled Issues previously filed and this Supplemental Stipulation of Settled Issues." Id. at 4 ¶16.

Once the parties filed the Supplemental Stipulation of Settled Issues, the Tax Court denied the Grahams' renewed motion

3

for a continuance.  A computational dispute between the parties persisted, and the case was set for trial on June 7, 2004 (the sixth scheduled trial date).  Two weeks before trial, the Grahams filed motions to withdraw the Stipulation of Settled Issues and for leave to amend their petition.[3]  The Grahams contended that parts of the Stipulations were unfair because they did not permit Rosalind to claim innocent spouse status and allowed the IRS to take a different position than the U.S. Attorney on the amount of deficiency (and thus to deprive Michael of the full benefit of his plea bargain).  After a telephone conference, the Tax Court denied these motions.  The Commissioner then moved for entry of decision based on the Stipulations, and presented evidence on the computational dispute.  After hearing from all parties, on June 17, 2004, the Tax Court granted the Commissioner's motion for entry of decision.

On July 19, 2004, the Grahams filed a joint motion to vacate the decision of the Tax Court, which the Tax Court summarily denied.  The Grahams filed a timely appeal in this court.

**DISCUSSION**

This court reviews the Tax Court's denial of a motion to withdraw stipulations for abuse of discretion.  Henry v. Comm'r, 362 F.2d 640, 643 (5th Cir. 1966).  Similarly, we review the denial

---

[3]    As will be relevant to the discussion infra, on December 10, 2003, the IRS informed Rosalind by mail that the agency had determined she was eligible for innocent spouse status for tax year 1985.

of a motion to amend a petition for abuse of discretion. Estate of Smith v. Comm'r of Internal Revenue, 198 F.3d 515, 517 (5th Cir. 1999). The Tax Court's decision following a contested motion for entry of decision is reviewed for clear error. Cook v. Comm'r of I.R.S., 349 F.3d 850, 853 (5th Cir. 2003). The clear error standard precludes reversal of a trial court's findings unless this court is "left with the definite and firm conviction that a mistake has been committed." Rodriquez v. Bexar County, Tex., 385 F.3d 853, 860 (5th Cir. 2004) (quoting Anderson v. City of Bessemer, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)). Michael Graham raises several challenges to the sufficiency of the evidence underlying the Tax Court's determinations. These arguments are of no moment because Michael failed to contest any of the evidence in the Tax Court and instead chose to enter into stipulations with the IRS concerning the facts at issue. Stipulations are treated as a contract between the two parties. "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Mid-South v. Har-Win, Inc., 733 F.2d 386, 391-92 (5th Cir. 1984). Thus, the appropriate starting point for this court's analysis is whether any reason exists to reverse the Tax Court on its refusal to vacate the Stipulations. The sufficiency of the evidence arguments would be relevant only to the Tax Court if, and only if, this court first

found an abuse of discretion in that court's decision not to vacate the Stipulations.

However, Michael has not demonstrated any abuse of discretion by the Tax Court on this issue. Under Tax Court rules, Stipulations will be enforced as binding and the court "will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires." T.C.R. 91(e). The Grahams delayed resolution of the issues for nearly a decade and had multiple opportunities to note their disagreement, confusion, or mistake about the Stipulations. Instead, the Grahams sought to vacate the Stipulations a mere two weeks before the trial. Michael's claim that the IRS should be judicially estopped from proposing a different income allocation than the U.S. Attorney relied upon belies the fact that Michael himself allowed the Commissioner to do so through the Stipulations entered <u>after</u> his plea bargain and conviction. Furthermore, the Grahams have not attempted to argue that the Stipulations are a product of fraud or mutual mistake. In light of the procedural history of the case, the absence in the record of any evidence of fraud or mutual mistake, and the deferential standard of review, we conclude that the Tax Court did not abuse its discretion in denying the Grahams' motion to withdraw the Stipulations.

Michael further contends the Commissioner should be judicially estopped from using a different income allocation for

tax year 1985 than the U.S. Attorney relied upon in its plea agreement with Michael. Judicial estoppel prevents parties in subsequent judicial proceedings from taking litigation positions contrary to those asserted by the same party in a previous lawsuit. See United States ex rel. Am. Bank v. C.I.T. Constr. Inc., 944 F.2d 253, 258-59 (5th Cir. 1991). Judicial estoppel must be pled and argued in the trial court absent "an especially egregious case wherein a party has successfully asserted a directly contrary position." Id.

Michael did not plead judicial estoppel in the Tax Court, and this case does not represent an "egregious" attempt by the Commissioner to argue contradictory legal theories. Moreover, this argument is borderline frivolous because the plea agreement explicitly bound only the particular U.S. Attorney's office, not any other governmental agency. Michael stipulated to this figure with the Commissioner; short of a bona fide reason for vacating the Stipulations, which he lacks, Michael cannot assert judicial estoppel against the Commissioner for the first time here.

Finally, Rosalind claims she should have been granted innocent spouse status for tax year 1985. Both parties agree the Tax Court should be reversed on this issue. Apparently the IRS was making an administrative determination on this issue while the Tax Court was considering the instant suit. Before the Tax Court entered its decision (in June 2004), the IRS determined (in December 2003) Rosalind deserved innocent spouse status for Tax

7

Year 1985, but the Tax Court did not learn of this decision before it issued its opinion holding to the contrary. The IRS thus concedes in its brief that the Tax Court should be reversed on this issue. The IRS does not concede anything additional, however, and asserts that Rosalind should be afforded innocent spouse status only as to 1985 and, based on this status, should be cleared solely of $35,000 of the unreported income for tax year 1986; Rosalind would thus remain bound to the remaining $220,000 of unreported income for tax year 1986 absent any additional claim of error. Rosalind does not contest this point any further; her brief requests only that she be granted innocent spouse status for tax year 1985. By failing to raise additional arguments on this point, Rosalind waives all other claims of error. See, e.g., Fed. R. App. P. 28(a)(9)(A) & (B); Foster v. Townsley, 243 F.3d 210, 212 n.1 (5th Cir. 2001) (issues inadequately briefed are deemed waived). Thus, we reverse and render only on this point; the judgment of the Tax Court is otherwise affirmed.

**AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**