57 F.3d 1004
 130 Lab.Cas. P 33,252
 Tobbie L. WELCH, Plaintiff-Appellant,
v.
David LANEY, individually and in his official capacity as
Sheriff of Cullman County, Michael Pruett, individually and
in his official capacity as Chief Deputy Sheriff of Cullman
County, Roy Gamble, in his official capacity as Cullman
County Commissioner, Steve Hanson, in his official capacity
as Commissioner, William Andrews, in his official capacity
as Commissioner, a/k/a Bill Andrews, Defendants-Appellees.
 No. 93-6427.
 United States Court of Appeals,
Eleventh Circuit.
 July 7, 1995.
 
 Ann K. Norton, Robert L. Wiggins, Jr., Gordon, Silberman, Wiggins & Childs, Birmingham, AL, for appellant.
 George W. Royer, Jr., Samuel T. Russell, Sirote & Permutt, Huntsville, AL for appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HATCHETT and EDMONDSON, Circuit Judges, and SMITH*, Senior Circuit Judge.
 EDWARD S. SMITH, Senior Circuit Judge:
 
 
 1
 On July 20, 1992 Tobbie Welch filed suit against Cullman County Sheriff David Laney and Cullman County Deputy Sheriff Michael Pruett, in both their individual and official capacities, and against Cullman County Commissioners Gamble, Hanson, and Andrews in their official capacities only, alleging illegal sex discrimination under 42 U.S.C. Sec. 1983 and 29 U.S.C. Sec. 206 (Equal Pay Act). In response to the defendants' Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim on which relief could be granted, the United States District Court for the Northern District of Alabama dismissed with prejudice all claims except for the Sec. 1983 claims against Laney and Pruett in their individual capacities and the Equal Pay Act claim against Laney in his official capacity. As to these remaining claims, which were dismissed without prejudice, the court granted Welch leave to amend her complaint to properly allege a maintainable action. Welch filed a second amended complaint, which added Title VII claims against Laney. The district court determined that Welch's second amended complaint was defective, granted the defendants' Rule 12(b)(6) motion as to Welch's second amended complaint and denied Welch's motion to amend the second amended complaint.
 
 
 2
 We reverse the dismissal of Welch's Sec. 1983 claims against the commissioners but affirm the dismissal of her Equal Pay Act claims against the commissioners. We reverse the dismissal of Welch's Sec. 1983 claims against Laney and Pruett in their official capacities to the extent she seeks prospective injunctive relief and reverse the dismissal of Welch's Title VII and Equal Pay Act claims against Laney in his official capacity. We affirm the dismissal of Welch's Equal Pay Act claims against Laney and Pruett in their individual capacities and affirm the dismissal of Welch's Sec. 1983 claim against Laney in his individual capacity.
 
 Facts and Procedural History
 
 3
 At all times relevant to this lawsuit, Tobbie Welch was employed as a dispatcher for the Cullman County Sheriff's Department and reported directly to Cullman County Sheriff David Laney. Welch alleges that in October of 1991 Sheriff Laney hired a male employee into the position of dispatcher at an initial salary greater than the salary being paid to Welch. Welch further alleges that when she approached Laney to ask why the new dispatcher was being paid a higher salary than she, she was told to "mind her own business." When Welch complained to the County Commissioners, Sheriff Laney and Chief Deputy Pruett about the higher salary being paid to the new male employee, she allegedly was criticized and subjected to adverse treatment because of her complaints.
 
 
 4
 Welch filed her original complaint on July 20, 1992 and filed a substantially identical amended complaint on July 21. The amended complaint named Sheriff Laney and Deputy Sheriff Pruett as defendants in their individual and official capacities, and named the commissioners as defendants in their official capacities only.
 
 
 5
 The defendants filed a motion to dismiss the complaint for failure to state a claim on which relief could be granted. The court dismissed Welch's complaint without prejudice to filing an amended complaint to more specifically plead facts with regard to Sheriff Laney and Deputy Pruett's liability in their individual capacities under 42 U.S.C. Sec. 1983 and with regard to Sheriff Laney's liability in his official capacity under the Equal Pay Act. The court dismissed the balance of Welch's claims with prejudice. The claims dismissed with prejudice consisted of: 1) Sec. 1983 and Equal Pay Act claims against the Commissioners; 2) Sec. 1983 claim against Deputy Pruett in his official capacity; 3) Equal Pay Act claims against Deputy Pruett in his individual and official capacity; 4) Sec. 1983 claim against Sheriff Laney in his official capacity; and 5) Equal Pay Act claim against Sheriff Laney in his individual capacity.
 
 
 6
 Welch timely filed a second amended complaint on September 3, 1992. The caption of the second amended complaint stated that the defendant Sheriff Laney was being sued "in his individual capacity as an agent for the Cullman County Sheriff's Department." The body of the complaint detailed Sheriff Laney's status as a defendant as "an employer under the Equal Pay Act, ... as an individual under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. Sec. 1983, and as an agent/employer pursuant [to] Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991."
 
 
 7
 The defendants filed a motion to dismiss Welch's complaint, arguing that the complaint failed to state a claim, that by suing Laney in his capacity as the agent of the Cullman County Sheriff's Department Welch had failed to assert a claim against an entity legally capable of being sued, and that if Welch's claims against Laney were construed to constitute claims against him in his official capacity, her claims for money damages were barred by the Eleventh Amendment. Welch subsequently filed a motion to amend once again her second amended complaint. The district court denied Welch's motion to amend and granted the defendants' motion to dismiss, dismissing the entirety of Welch's complaint with prejudice. This appeal followed.
 
 Standard of Review
 
 8
 Where the district court dismisses the plaintiff's complaint for failure to state a claim, "[w]e must determine whether, considering the facts in the light most favorable to the plaintiff[ ], it appears beyond doubt that [she] can prove no set of facts that would entitle [her] to relief." Terry v. Cook, 866 F.2d 373 (11th Cir.1989) (citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
 
 Section 1983
 
 9
 We first consider Welch's Sec. 1983 claims. Welch's first amended complaint alleged that Sheriff Laney, Deputy Pruett and Commissioners Gamble, Hanson, and Andrews were liable to Welch for illegal sex discrimination under 42 U.S.C. Sec. 1983. The complaint alleged that Sheriff Laney and Deputy Sheriff Pruett were liable in both their official and individual capacities, and that the three commissioners were liable in their official capacities only.
 
 
 10
 The district court dismissed Welch's Sec. 1983 claims against Sheriff Laney and Deputy Pruett in their official capacities with prejudice, but dismissed the Sec. 1983 claims against Laney and Pruett in their individual capacities without prejudice. In her second amended complaint, Welch renewed her Sec. 1983 claim against Laney in his individual capacity.[1] The district court dismissed the entire second amended complaint with prejudice.
 
 
 11
 We reverse the dismissal of Welch's Sec. 1983 claims against Laney and Pruett in their official capacities to the extent that she may seek prospective injunctive relief but not retroactive money damages. We affirm the dismissal of Welch's Sec. 1983 claim against Laney in his individual capacity.
 
 
 12
 The district court erred in dismissing Welch's Sec. 1983 claims against Laney and Pruett in their official capacities to the extent that she may seek prospective injunctive relief. Welch's action against the Sheriff and Chief Deputy Sheriff in their official capacities imposes liability on the entity they represent, and not on them as individuals. Brandon v. Holt, 469 U.S. 464, 471-72, 105 S.Ct. 873, 877-78, 83 L.Ed.2d 878 (1985). The determination of the entity represented by Sheriff Laney and Deputy Pruett for purposes of determining immunity from suit under 42 U.S.C. Sec. 1983 is determined by reference to state law. Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir.1990). Alabama law holds that a sheriff is a state, rather than a county, official for purposes of immunity from suit. Parker v. Amerson, 519 So.2d 442 (Ala.1987). Alabama law also holds that a sheriff's deputy is legally an extension of the sheriff and likewise is immune from suit. Carr, 916 F.2d at 1526. Laney and Pruett are thus state officials for purposes of immunity from suit.
 
 
 13
 Based on the Alabama Supreme Court's decision in Parker v. Amerson, this court stated in Parker v. Williams, 862 F.2d 1471, 1475 (11th Cir.1989) that although the Eleventh Amendment insulates states from suit in Federal court, the Eleventh Amendment does not insulate state officials acting in their official capacities from suit in federal court, at least to the extent the complainant seeks prospective injunctive relief. Because Laney and Pruett are state officials for purposes of immunity from suit, to the extent Welch's complaint sought prospective injunctive relief under Sec. 1983 against Sheriff Laney and Deputy Pruett in their official capacities, the district court erred in dismissing the complaint.
 
 
 14
 The district court did not err in dismissing Welch's Sec. 1983 claim against Sheriff Laney in his individual capacity. Welch had three opportunities to properly plead a Sec. 1983 claim against Sheriff Laney in his individual capacity: the original complaint, first amended complaint and second amended complaint. The district court allowed Welch the opportunity to amend her complaint twice in order to state a claim on which relief could be granted. Welch having failed to amend her complaint to properly state a Sec. 1983 claim against Sheriff Laney individually, the district court did not err in dismissing that portion of her complaint with prejudice. Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir.1985) (district court may properly dismiss complaint where court granted plaintiff the opportunity to amend after first determining that the original complaint was deficient and plaintiff failed to properly amend to cure deficiency).
 
 
 15
 We next turn to Welch's Sec. 1983 claims against the commissioners in their official capacities. The district court dismissed this portion of Welch's first amended complaint with prejudice in response to the defendant's motion to dismiss for failure to state a claim on which relief could be granted. We reverse because, considering the facts in the light most favorable to the plaintiff, we are not convinced that it appears beyond doubt that Welch could prove no set of facts which would entitle her to relief against the commissioners under Sec. 1983.
 
 
 16
 As stated above, where a plaintiff brings an action against a public official in his official capacity, the suit is against the office that official represents, and not the official himself. Brandon, 469 U.S. 464, 471-72, 105 S.Ct. 873, 877-78, 83 L.Ed.2d 878 (1985). Welch's claim against the commissioners in their official capacity was thus a claim against the Cullman County Commission.
 
 
 17
 This court has held a county liable under Sec. 1983 for the personnel decisions of a sheriff where the sheriff acted as the "ultimate repository of county authority." Parker v. Williams, 862 F.2d 1471, 1480 (11th Cir.1989). The Cullman County Commission could likewise be liable for the acts of Sheriff Laney if Laney acted as the "ultimate repository of county authority."
 
 
 18
 The Cullman County Commission has the statutory authority to set ranges of salaries for county employees. 1980 Ala. Acts 80-549. Act 80-549 reserved to the county commission the power to "classify the different types of service[s]," and "define compensation schedules for the classifications of service." Id. The Act does state that the Cullman County Sheriff sets employment policies for Cullman County Sheriff's department employees, but such employees are still subject to the classification and salary range specifications set by the county commission. Thus, in light of the Commission's statutory authority to set salary ranges for Sheriff's Department employees, Sheriff Laney could have been exercising the county's authority in setting Welch's salary and the Cullman County Commission could be liable for these acts of the Sheriff as the "ultimate repository of county authority."
 
 
 19
 In light of the county commission's potential liability for the acts of Sheriff Laney, the district court erred in dismissing Welch's Sec. 1983 claims against the commissioners. If Welch had been allowed to amend that portion of her complaint, a more carefully drafted version might have stated a Sec. 1983 claim against the commissioners upon which relief could be granted. Where a more carefully drafted complaint might state a claim upon which relief could be granted, the district court should allow the plaintiff to amend the complaint rather than dismiss it. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991). The district court therefore erred in dismissing Welch's Sec. 1983 claims against the commissioners in their official capacity with prejudice without first granting Welch leave to amend.
 
 
 20
 Defendants argue that this court's decision in Terry v. Cook, 866 F.2d 373 (11th Cir.1989) is fatal to Welch's Sec. 1983 claims against the commissioners. We disagree. In Terry, this court refused to hold a county commission liable for the hiring and firing practices of the county sheriff. Terry, 866 F.2d at 379. However, the basis for that holding was the county commission's lack of authority to hire or fire deputy sheriffs. The sheriff in Terry was statutorily empowered to hire and fire deputy sheriffs without the approval of the county commission; the county commission had no authority to hire or fire deputy sheriffs. Id. The sheriff in Terry could not have been acting as the "ultimate repository of county authority" delegated to him by the county because the county had no authority to delegate to the sheriff.
 
 
 21
 In contrast, the Cullman County Commission is invested with the authority to set ranges of compensation for all county employees, including the employees of the Cullman County Sheriff's Department. 1980 Ala. Acts 80-549. This authority of the Cullman County Commission distinguishes this case from Terry because, unlike the Commission in Terry, the Cullman County Commission had authority to set salaries and could have delegated that authority to Sheriff Laney. Sheriff Laney could have been operating as the "ultimate repository" of the county's authority to set salaries.
 
 Equal Pay Act
 
 22
 Welch's first amended complaint also alleged that Sheriff Laney and Deputy Pruett in their individual and official capacities and the county commissioners in their official capacities were liable to Welch for violating the Equal Pay Act by paying Welch less than her male counterpart. The district court dismissed all but Welch's claim against Laney in his official capacity with prejudice. Apparently, the district court found that only Laney in his official capacity could qualify as Welch's "employer" under the Act. Such a finding, though not stated in the court's order, would explain the dismissal with prejudice of all of Welch's Equal Pay Act claims contained in her first amended complaint except her claim against Laney in his official capacity.
 
 
 23
 Welch timely filed a second amended complaint which renewed her Equal Pay Act claim against Laney. The district court dismissed Welch's second amended complaint in its entirety with prejudice. We reverse the dismissal of Welch's claim against Sheriff Laney in his official capacity as her employer, but affirm the dismissal of Welch's Equal Pay Act claims against Sheriff Laney in his individual capacity, Deputy Sheriff Pruett in his official and individual capacity, and the county commissioners in their official capacities.
 
 
 24
 The district court erred in dismissing Welch's Equal Pay Act claim against Sheriff Laney in his official capacity with prejudice. The district court dismissed Welch's Equal Pay Act claim contained in her second amended complaint because the court found that Welch had failed to viably assert a claim against Sheriff Laney in his official capacity. The court based its ruling on the caption of Welch's second amended complaint which named as a defendant "Sheriff of Cullman County David Laney, in his individual capacity as an agent for the Cullman County Sheriff's Department." Based on this caption, the court held that Welch's complaint attempted to state a claim against Sheriff Laney in his individual capacity, which claim the court had already dismissed with prejudice. Because the court found that Welch had failed to viably assert a claim against Laney in his capacity as her employer under the Equal Pay Act, the court dismissed Welch's complaint with prejudice.
 
 
 25
 The district court erred in placing too much emphasis on the caption of Welch's complaint. This court has held that the complaint itself, not the caption, controls the identification of the parties and the capacity in which they are sued. Lundgren v. McDaniel, 814 F.2d 600, 604 n. 2 (11th Cir.1987) (Captions "are not determinative as to the parties to the action.") In the body of her complaint, Welch stated that Sheriff Laney was liable under the Equal Pay Act as her "employer." Notwithstanding the ambiguity in the caption, the body of the complaint sufficiently pleaded that Sheriff Laney was being sued in his capacity as Welch's employer under the Equal Pay Act. The district court therefore erred in dismissing Welch's Equal Pay Act claim against Sheriff Laney in his official capacity.
 
 
 26
 As stated above, the district court apparently dismissed the balance of Welch's Equal Pay Act claims on the ground that none of the other named defendants qualified as Welch's employer under the Act. The question whether a particular defendant is an employer under the Equal Pay Act is a question of law. Patel v. Wargo, 803 F.2d 632, 634 (11th Cir.1986). The Act itself defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includ[ing] a public agency...." 29 U.S.C. Sec. 203(d) (1978). The former Fifth Circuit considered "the total employment situation" in determining whether an entity qualified as an "employer" under the Act. Wirtz v. Lone Star Steel Co., 405 F.2d 668, 669-70 (5th Cir.1968). In particular, the court asked, inter alia,: "whether or not the employment [took] place on the premises of the [alleged employer]; how much control [did] the [alleged employer] exert on the employees; and, [did] the [alleged employer] have the power to fire, hire, or modify the employment condition of the employees?" Id.
 
 
 27
 Applying these factors, the commissioners do not qualify as Welch's employer under the Act. Welch's employment took place on Sheriff Laney's premises, the Cullman County Sheriff's Department, not on any premises of the commissioners. The commissioners exercised no direct control over Welch, except for setting the salary for the employment classification which Welch fit into, and had no power to hire or fire her.
 
 
 28
 Likewise, Chief Deputy Pruett had no authority to exercise any control over Welch; he had no authority to hire or fire her and was not authorized to modify the terms of her employment. In contrast, the Sheriff was authorized by 1980 Ala. Acts 80-549 to hire, promote or demote Sheriff's Department employees, including Welch, and to set employment policies for the Sheriff's Department.
 
 
 29
 Considering Welch's total employment situation, the district court did not err in dismissing Welch's Equal Pay Act claims against Deputy Pruett and the commissioners. The county commissioners in their official capacities do not qualify as Welch's employer under the Act. Likewise, Deputy Pruett does not qualify as Welch's employer under the Act in his individual or official capacity. The district court also did not err in dismissing Welch's Equal Pay Act claim against Sheriff Laney in his individual capacity because Sheriff Laney in his individual capacity had no control over Welch's employment and does not qualify as Welch's employer under the Act.
 
 Title VII
 
 30
 Finally, Welch's second amended complaint alleged that Sheriff Laney was liable to Welch for violating her rights under Title VII and the Civil Rights Act of 1991. The district court dismissed Welch's Title VII claim against Sheriff Laney for the same reason the court dismissed her Equal Pay Act claim against Sheriff Laney in his official capacity. Relying on the caption of the complaint, the court found that Laney was being sued in some individual capacity. Because "the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act," the district court dismissed Welch's Title VII claim against Sheriff Laney. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991).
 
 
 31
 As stated above, it was error for the district court to rely on the caption of the complaint to identify the parties and the capacities in which the parties were sued. The body of Welch's complaint sufficiently stated that Sheriff Laney was liable to Welch under Title VII in his capacity as her employer, not in any individual capacity. We reverse the dismissal of Welch's Title VII claim against Sheriff Laney in his official capacity as her employer.
 
 Conclusion
 
 32
 We reverse the dismissal of Welch's Sec. 1983 claims against Laney and Pruett in their official capacities to the extent that she seeks prospective injunctive relief. We affirm the dismissal of Welch's Sec. 1983 claim against Laney in his individual capacity. We reverse the dismissal of Welch's Sec. 1983 claims against the commissioners.
 
 
 33
 We reverse the dismissal of Welch's Equal Pay Act claim against Laney in his official capacity but affirm the dismissal of her Equal Pay Act claim against Pruett in his official capacity. We affirm the dismissal of her Equal Pay Act claims against the commissioners and against Laney and Pruett in their individual capacities. We reverse the dismissal of Welch's Title VII claim against Laney in his official capacity.
 
 
 34
 AFFIRMED in part; REVERSED in part.
 
 
 
 *
 Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 Because Welch did not renew her Sec. 1983 claim against Deputy Pruett in his individual capacity in her second amended complaint, we do not address that claim