PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 97-4802
Non-Argument Calendar

_____

D. C. Docket No. 96-1730-CV-DLG


ELENA BROUWER, on behalf of herself
and all others similarly situated,

                                        Plaintiff-Appellant,

ALEJANDRO RODRIGUEZ,

                                        Plaintiff,

     versus

METROPOLITAN DADE COUNTY, a
political subdivision of the State
of Florida,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 20, 1998)**


Before ANDERSON, EDMONDSON and DUBINA, Circuit Judges.


# PER CURIAM:

Plaintiff appeals from the district court's order granting

Defendant's motion to dismiss. We conclude that the district court

properly granted the motion and affirm.

## Background

Plaintiff Elena Brouwer was summoned for jury service in Dade County, Florida, for two days.  She was paid nothing for her service.  As a result, Plaintiff filed a complaint against Defendant Metropolitan Dade County claiming that, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., she is entitled to be paid minimum wage ($4.25/hour) and overtime ($6.37/hour) for her services. Plaintiff filed this action on behalf of herself and all other similarly situated jurors: Dade County jurors who received no compensation or compensation less than minimum wage.

Defendant filed a motion to dismiss arguing that no employer/employee relationship existed to subject jury service to the provisions of the FLSA.  The district court granted the motion after concluding that jurors were not covered by the FLSA:  they are not

2

"employees" of the county under the FLSA. Plaintiff appeals the district court's decision.

## Discussion

We review a district court's grant of a motion to dismiss de novo. See McKusick v. City of Melbourne, Fla., 96 F.3d 478, 482 (11th Cir. 1996). In doing so, we view the facts in the light most favorable to the Plaintiff. See Welch v. Laney, 57 F.3d 1004, 1008 (11th Cir. 1995). In addition, the determination of employment status under the FLSA is a question of law. See Villarreal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997).

That Dade County falls within the FLSA's definition of "employer" is undisputed. See 29 U.S.C. § 203(d). The question in this case is whether the relationship between Plaintiff and Dade County was an employment relationship.[1]

---

[1] Congress's intent seems to be that jurors would not be

Although the scope of coverage under the FLSA is broad, the Supreme Court has cautioned that the Act's coverage has limits. See _Tony & Susan Alamo Found. v. Secretary of Labor_, 105 S.Ct. 1953, 1958 (1985).

To determine whether an employment relationship existed, we look at the "economic reality" of all the circumstances.

---

considered employees under the FLSA. Like state employees, federal employees are protected by the FLSA. But, a separate statute, 28 U.S.C. § 1871(b)(1), provides for the compensation of federal jurors; and, more important, the compensation for federal jurors is less than minimum wage.

*See Goldberg v. Whitaker House Coop., Inc.*, 81 S.Ct. 933, 936 (1961); *Aimable v. Long & Scott Farms*, 20 F.3d 434, 439 (11th Cir. 1994). Plaintiff argued to the district court that the test established in *Welch v. Laney*, 57 F.3d at 1011, should apply.[2] But as the district court explained, the factors in *Welch* were used to determine who, among many, was

_____

[2]On appeal, Plaintiff argues that the analysis in <u>Antenor v. Osnel</u>, 88 F.3d 925 (11th Cir. 1996), should apply to this case. But the factors used in <u>Antenor</u> specifically apply to determining whether a farmworker is jointly employed by two or more produce growers. <u>See</u> <u>Antenor</u>, 88 F.3d at 932. <u>Antenor</u> involved no question about whether an activity was employment at all, but involved a decision on who, among many, was the employer.

the plaintiff's employer — not whether an employment relationship existed at all.[3]

"Jury service is a duty as well as a privilege of citizenship; it is a duty that cannot be shirked on a plea of inconvenience or decreased earning power." Thiel v. Southern Pac. Co., 66 S.Ct. 984, 987 (1946). This duty and privilege does not amount to employment. See generally

---

[3]Even using the factors set out in Welch, Plaintiff probably loses. The factors of whether the employer exerted control over the employee and whether the employer had the power to hire and to fire lead to the conclusion that Plaintiff was not employed by Dade County. Dade County could not hire or fire Plaintiff as a juror and could not exert much control over Plaintiff in how she performed the duty of juror.

*North Carolina v. Setzer*, 256 S.E.2d 485, 488 (N.C. App. 1979) ("[J]ury duty is not a form of employment ...").

We see the relationship between Plaintiff (and those similarly situated) and Dade County as the district court did. The district court described the true relationship of jurors to the county:

> Jurors are completely different from state [or county] employees. Jurors do not apply for employment, but are randomly selected from voter registration lists. Jurors are not interviewed to determine who is better qualified

7

for a position; the State summons all available persons who meet the basic requirements . . . . Jurors do not voluntarily tender their labor to the state, but are compelled to serve. Jurors are not paid a salary, rather they receive a statutorily mandated sum regardless of the number of hours worked. Jurors are not eligible for employment benefits, do not accrue vacation time, annual or sick leave and do not qualify for health or life insurance. The State does not have the power to fire jurors for poor performance, but must accept their verdict. In short, there is no indicia of an employment relationship between state court jurors and Dade County.

District Court Order at 7-8; see generally

_Johns v. Stewart_, 57 F.3d 1544, 1558-59 (10th Cir. 1995) (using similar considerations such as lack of application by plaintiff for employment, lack of sick or annual leave, no job security, no Social Security or pension benefits). We agree with the district court's analysis of the circumstances. No employment relationship existed in this case; and, thus, Plaintiff is entitled to no minimum wage under the FLSA.

AFFIRMED.