[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2009
THOMAS K. KAHN
CLERK

No. 08-16595
Non-Argument Calendar

_____

D. C. Docket No. 08-00156-CV-RWS-2

MAHMOUD HAFEZ,
a.k.a. Mohmoud M. Hafez,

Plaintiff-Appellant,

versus

TIMOTHY MADISON,
EDDIE BENNETT,
CLAIRE MANLEY,
DONNA MARIE PRESSLEY COLE,
BARROW COUNTY, (Municipality),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 5, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Mahmoud Hafez, a pro se Georgia prisoner, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint. The district court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). No reversible error has been shown; we affirm.[1]

On appeal, Hafez challenges the district court's statute of limitations dismissal on certain claims against these defendants: (1) Timothy Madison, a former district attorney for Barrow County; (2) Barrow County; and (3) Eddie Bennett, a case worker with the Department of Family and Children's Services (DFCS). Hafez's complaint alleged several constitutional violations against these defendants based on events leading up to and surrounding Hafez's arrest and state court criminal proceedings. He alleged that Madison violated his due process rights by issuing an illegal search warrant against him and providing false information about his immigration status to an immigration officer. Hafez alleged

---

[1]We review de novo a district court's dismissal for failure to state a claim under section 1915A(b)(1), using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).

2

several constitutional violations arising out of his pretrial proceedings and pretrial detention against Barrow County, including that he contracted tuberculosis when placed in the general prison population at the detention center and that he was denied religious materials. Hafez alleged that Bennett violated his due process rights by interviewing him and his family without reading them their constitutional rights.

To dismiss a prisoner's complaint as time-barred before service, it must "appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." Leal, 254 F.3d at 1280. The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). A section 1983 claim accrues -- and the statute of limitations begins to run -- when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (citation and internal quotation omitted).

Here, it is clear from Hafez's complaint -- filed on 7 July 2008 --that the alleged constitutional violations stemming from pre-arrest searches and interviews and pretrial proceedings occurred before his 7 October 2005 conviction and

3

sentence. And Hafez alleged that he became aware of the false information provided to immigration by Madison in December 2005. Thus, the facts giving rise to Hafez's claims were apparent or should have been apparent to him more than two years before he filed the instant complaint; and we discern no error in the district court's dismissal based on the statute of limitations.[2]

We reject Hafez's argument that he still is being harmed and that each harm brings a new period within which he has the right to sue. Hafez alleged discrete, one time acts that did not extend the limitations period. See Lovett, 327 F.3d. at 1183 (defendants' act of deciding not to consider prisoner for parole again until 2006 "was a one time act with continued consequences" that did not extend the limitations period). Hafez also argues that his causes of action against Madison, Barrow County, and Bennett did not accrue until March 2008 when Hafez learned about Madison's convictions for corruption and mental illness. But Madison's convictions and mental illness were unrelated to the facts that gave rise Hafez's

_____

[2]The district court concluded that Hafez's claims against Madison -- that he prosecuted and convicted Hafez under a law that had been repealed and knowingly allowed two people on the jury who were working as contractors for Barrow County -- were barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994). And the court dismissed a claim against Bennett that he violated the constitutional rights of Hafez's children because Hafez had not shown that he was entitled to litigate claims on behalf of his children. On appeal, Hafez does not challenge these determinations but, instead, argues that these claims were not time-barred. Hafez has abandoned any argument that the district court erred in dismissing these claims. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (stating that "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed").

allegations and had no bearing on when the statute of limitations began to run for his claims.

Hafez also alleged that defendant Donna Marie Pressley Cole took his children to church and allowed his daughter to handle beer in violation of his constitutional rights. On appeal, he argues that Cole's status as a foster parent under DFCS made her a state actor. But, as the district court concluded correctly, foster parents are not state actors for section 1983 purposes. See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (a viable section 1983 claim requires that defendant act under the color of state law); Rayburn v. Hogue, 241 F.3d 1341, 1347-49 (11th Cir. 2001) (in concluding that a foster parent was not a state actor, explaining that "the mere fact that a State regulates a private party is not sufficient to make that party a State actor").

About defendant Claire Manley, a detective with the Auburn Police Department, Hafez alleged that she used hate speech against him when she talked to Hafez's lawyer by calling him an Egyptian Muslim. But Hafez did not allege when this speech took place, as the district court instructed him to do so that it could determine whether there was a statute of limitations bar. We see no error in the district court's dismissal of Manley. See Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir. 1995) (a district court properly may dismiss a claim after it granted the

5

plaintiff the opportunity to amend a complaint due to a deficiency, and the plaintiff failed to amend properly to cure the deficiency).[3]

AFFIRMED.

---

[3]And Hafez conceded that he is Egyptian and Muslim so it is unclear how Manley's speech violated due process.