[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14068

Non-Argument Calendar

_____

ANNIE PARKER,

Plaintiff-Appellant,

*versus*

ALCON MANAGEMENT S.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-01894-LSC

_____

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Annie Parker appeals the district court's dismissal of her second amended complaint against Alcon, Inc. d/b/a Alcon Laboratories, Inc.[1]  The district court held it lacked personal jurisdiction over Alcon, Inc., which is incorporated in Switzerland with its principal place of business in Switzerland.  Parker asserts the district court erred in granting Alcon Inc.'s motion to dismiss because (1) an affidavit supporting the motion to dismiss did not address all the defendants; (2) it relied on a declaration attached to a reply to a response to the motion to dismiss; and (3) both the affidavit and declaration contain false information.  Parker also contends she

---

[1] In Parker's original and first amended complaints, Alcon Management S.A. was identified as a defendant.  In the second amended complaint, Parker identified Alcon, Inc. d/b/a Alcon Laboratories, Inc. as the defendant and the filings in the district court starting with Parker's second amended complaint identify Alcon, Inc. d/b/a Alcon Laboratories, Inc. as the defendant.  The district court did not change the caption of the case on its docket, however, and Federal Rule of Appellate Procedure 12(a) requires "[u]pon receiving the copy of the notice of appeal and the docket entries from the district clerk under Rule 3(d), the circuit clerk must docket the appeal under the title of the district court action . . . ."  Thus, our caption identifies Alcon Management S.A. as the Defendant-Appellee, but the opinion identifies Alcon, Inc. d/b/a Alcon Laboratories, Inc. as the defendant. *See Welch v. Laney*, 57 F.3d 1004, 1010-11 (11th Cir. 1995).

met her burden of establishing personal jurisdiction over Alcon, Inc. in Alabama.  After review,[2] we affirm.

## I.  BACKGROUND

Parker has glaucoma in both eyes.  The CyPass Micro-Stent is a medical device that is inserted into the eye to relieve eye pressure which helps prevent the progression of glaucoma.  On October 24, 2017, Parker underwent cataract surgery that involved implanting the CyPass Micro-Stent in both eyes.  After suffering excruciating pain, headaches, light sensitivity, and itching, Parker visited another doctor who recommended the CyPass Micro-Stent be removed.  On August 29, 2018, there was a worldwide recall of the CyPass Micro-Stent after a study indicated the device could damage cells in the eye.  On November 28, 2018, the CyPass Micro-Stents were removed from Parker's eyes.  Parker alleges that Alcon, Inc. designed, manufactured, assembled, marketed, distributed, and sold the CyPass Micro-Stent.  Parker filed suit for damages against Alcon, Inc. in the Northern District of Alabama.

---

[2] We review whether the district court had personal jurisdiction over a nonresident defendant *de novo*. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).  Any findings of fact used in deciding personal jurisdiction are reviewed for clear error. *Id.* A district court's denial of a motion for reconsideration is reviewed for an abuse of discretion. *Sanderlin v. Seminole Tribe*, 243 F.3d 1282, 1295 (11th Cir. 2001).

Alcon, Inc. moved to dismiss, arguing it is a corporation organized under the laws of Switzerland and is not subject to personal jurisdiction in Alabama.  Parker alleges:

> Defendant, Alcon, IND., [sic] is a Delaware corporation, having its principal executive office business in Ft. Worth, Texas.  Defendant has its principal office in Maryland and conducts numerous business activities in the multi-states, such that the defendant is subject to personal jurisdiction in this District.  Alcon is a global medical company specializing in eye care products with headquarters in Fort Worth, Texas, United States, and incorporated in Fribourg, Switzerland.  Alcon's American headquarters are located in Fort Worth, Texas.  Alcon was a subsidiary of Novartis until April 9, 2019 when the company completed a shareholder approved 100% spinoff of Alcon eye care devices business from Novartis.

Alcon, Inc. submitted an affidavit from Jean-Baptiste Emery, the Executive Director of Alcon, Inc., asserting Alcon, Inc. is a registered Swiss corporation, and it is both domiciled and has its "principal executive offices" in Fribourg, Switzerland.  Alcon, Inc. is registered in the Register of Commerce of the Canton of Fribourg, Switzerland under Alcon AG, Alcon SA and Alcon Inc., all of which are listed as corporate names in Alcon's Articles of Incorporation. Alcon, Inc. is the top parent company of the Alcon group.  Alcon Laboratories, Inc. is a wholly owned subsidiary of Alcon, Inc., but Alcon, Inc. has never done business as Alcon Laboratories, Inc.  Alcon, Inc. and Alcon Laboratories, Inc. are separate corporate

entities and keep separate books and records, file separate tax returns, and have different corporate offices.  Alcon, Inc. does not have any offices and is not authorized or licensed to do business in Alabama or in any other state.  Furthermore, Alcon, Inc. "did not sell in the United States, and has never sold in the United States, the CyPass Micro-Stent that is the subject of the . . . lawsuit."  Nor has Alcon, Inc. marketed, promoted, distributed, or sold any other product in the United States.

Parker submitted an Opposition to the Motion to Dismiss, and attached a printout from the Delaware Department of State's website listing "Alcon Incorporated" as a Delaware corporation incorporated in 1995.  Parker also attached an SEC filing for Alcon Inc. filed by T. Rowe Price that shows Alcon Inc.'s principal executive offices in Fort Worth, Texas.

Alcon, Inc. submitted a Reply to Parker's Opposition asserting the SEC filing was done by a third party and provided an incorrect address.  Alcon, Inc. attached an SEC filing listing a Switzerland address.  Additionally, to rebut the Delaware Department of State website page, Alcon Inc. attached the Declaration of Sharon Woods.  Woods is the Manager of Corporate Data, Governance and Securities at Alcon Vision, LLC, an indirect subsidiary of Alcon, Inc.  Woods' Declaration states that she "reviewed Alcon's corporate records" and "confirmed that 'Alcon Incorporated' is not and has never been affiliated in any way with Alcon[, Inc.]".

The district court granted Alcon, Inc.'s motion to dismiss for lack of personal jurisdiction, finding that Parker did not meet her

burden to establish minimum contacts with the state of Alabama. Parker filed a motion for reconsideration asserting Alcon, Inc.'s submitted affidavits were false and that new evidence showed Alcon had a large sales force in Alabama. The district court denied the motion.

## II.  DISCUSSION

A.  *Whether the affidavit supporting the motion to dismiss addressed all the defendants*

For the first time on appeal, Parker asserts this case has two defendants: Alcon, Inc. and Alcon Laboratories, Inc. Parker asserts the Emery Affidavit did not address "the defendant, Alcon Laboratories." Since there was no affidavit or evidence supporting the dismissal of Alcon Laboratories, Inc., she argues it was error to dismiss Alcon Laboratories as a defendant.

However, Alcon, Inc. was the only defendant named in the district court. The caption of the second amended complaint names just one defendant—"Alcon, Inc. d/b/a Alcon Laboratories, Inc." While "[t]his court has held that the complaint itself, not the caption, controls the identification of the parties and the capacity in which they are sued, *Welch v. Laney*, 57 F.3d 1004, 1010-11 (11th Cir. 1995), in defining the parties in the second amended complaint, Parker again identifies only "Defendant, Alcon, IND." Throughout Parker's opposition to Alcon, Inc.'s motion to dismiss, Parker refers to Alcon, Inc. as the defendant. Indeed, Parker consistently refers to only one defendant, Alcon, Inc., throughout the district court

proceedings.[3] Thus, Alcon, Inc. was the only defendant in the trial court, and the district court committed no error in relying on an affidavit solely addressing Alcon, Inc. in dismissing Parker's complaint.

*B.  Whether the district court erred in relying on a declaration attached to a reply to a response to the motion to dismiss*

Parker contends the declaration attached to the Reply to Plaintiff's Opposition to the Motion to Dismiss should not be considered in support of the Motion to Dismiss because she had no opportunity to respond.

While "[n]ew evidence is not properly considered if offered for the first time in support of a reply brief, . . . evidence can be offered to rebut a point raised in an opposition brief." *Thompson v. Alabama*, 428 F. Supp. 3d 1296, 1307 (M.D. Ala. 2019). Attached to the Reply was the "Declaration of Sharon Woods." Woods' Declaration was in response to Parker's attachment to her Opposition to the Motion to Dismiss—a printout from the Delaware Department of State's website for an entity called "Alcon Incorporated." Woods' Declaration states that she "reviewed Alcon's corporate records" and "confirmed that 'Alcon Incorporated' is not

---

[3] Aside from case captions. The only time Parker alludes to there being more than one defendant in the district court is in her motion for reconsideration of the district court's dismissal. Even there, she did not expressly name Alcon Laboratories, Inc. as a separate defendant, much less request leave to file a third amended complaint to add Alcon Laboratories, Inc. as a defendant.

8                        Opinion of the Court                    21-14068

and has never been affiliated in any way with Alcon[, Inc.]." Thus, because Woods' Declaration was in response to an argument made in Parker's opposition, there was no error in considering it.

## C. Whether the affidavit and declaration contain false information

Parker asserts Emery's Affidavit and Woods' Declaration contain false allegations and conclusory statements and thus they cannot establish the basis for lack of jurisdiction.

Parker's argument is meritless. Emery's Affidavit is not conclusory. The affidavit begins by describing Emery's role at Alcon, Inc. and explains that he has knowledge of the facts contained in the affidavit because of his role. Emery's Affidavit goes on to rebut Parker's assertion that Alcon, Inc. conducts business within the State of Alabama and rebuts Parker's allegation that Alcon, Inc. sold, developed, or marketed the CyPass Micro-Stent in the United States. Emery's affidavit does not contain legal conclusions; rather it contains specific factual denials challenging factual allegations raised by Parker regarding Alcon, Inc.'s connection to the CyPass Micro-Stent and Alcon, Inc.'s business in Alabama. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1277 (11th Cir. 2009) ("These specific factual declarations within the affiant's personal knowledge . . . are sufficient to shift to shift to the Plaintiff the burden of producing evidence supporting jurisdiction" (quotation marks and alteration omitted)).

Additionally, Woods' Declaration begins by describing her role with Alcon Vision, LLC, and that she has knowledge of the

facts contained in her declaration because of her role. She then goes on to rebut Parker's printout from the Delaware Department of State's webpage. Woods' Declaration does not contain legal conclusions either; it is a specific denial challenging Parker's allegations. Thus, Parker's arguments that the affidavits are false fail.[4]

### D.  Whether the court has personal jurisdiction over Alcon, Inc.

Parker contends the district court erred in determining it did not have specific personal jurisdiction[5] over Alcon, Inc. Parker asserts Alcon, Inc. has sufficient contacts with Alabama because Alcon, Inc. actively seeks business in Alabama and representatives of Alcon, Inc. sell products and conduct clinical trials in Alabama.

A federal district court "may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). While personal jurisdiction is usually a two-step inquiry where the court considers whether exercising personal jurisdiction is consistent

---

[4] Because we reject Parker's argument that the affidavits are false, we do not address her argument regarding a motion to dismiss procured through fraud.

[5] The district court also concluded it did not have general personal jurisdiction over Alcon, Inc. Parker does not meaningfully challenge this conclusion on appeal, nor could she as there is no evidence that Alcon Inc.'s "affiliations with [Alabama] are so continuous and systematic as to render them essentially at home in [Alabama]." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks omitted).

with both the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment, in Alabama "the two inquires merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing Ala. R. Civ. P. 4.2(b)); *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). To subject a nonresident defendant to personal jurisdiction, due process requires the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted).

In a specific personal jurisdiction case, "we apply the three-part due process test, which examines: (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (quotation marks omitted). The plaintiff has the burden of establishing the first two prongs, and if she does so, the defendant must make a compelling case that the exercise of jurisdiction would violate the notions of fair play and substantial justice. *Id.*

The district court did not err in concluding Parker did not establish Alcon, Inc. should be subject to specific personal jurisdiction in Alabama.  Under the first prong  of the due process test—whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum—Alcon, Inc. provided an affidavit stating that Alcon, Inc. has never done business in Alabama and did not sell, develop, or market the CyPass Micro-Stent that is the subject of this lawsuit in the United States.  Parker responded by submitting the printout from the Delaware Department of State and an SEC filing.  This did not rebut Alcon, Inc.'s assertion that it has never done business in Alabama.  As the district court found, "[e]ven if true that Alcon is incorporated in Delaware or that its principal place of business is in Texas, no evidence is provided as to minimum contacts with the state of Alabama."  Parker did not meet the burden of showing Alcon, Inc. has any contact with Alabama.

In her motion for reconsideration, Parker submitted evidence of LinkedIn profiles of Alcon's sales force in Alabama.  The district court questioned whether these screenshots would satisfy Parker's burden, but in any case, determined Parker could not use the motion to reconsider to raise arguments she could have previously made. *See Michael Linet, Inc, v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). This was not an abuse of discretion.

## III.  CONCLUSION

Parker did not meet her burden of establishing personal jurisdiction in Alabama over the only defendant, Alcon, Inc.  The district court did not err in dismissing Parker's second amended complaint against Alcon, Inc., and did not abuse its discretion in denying her motion to reconsider.[6]

**AFFIRMED.**

---

[6] Parker also argues the "procedure for handling a motion to dismiss for lack of personal jurisdiction is unfair to protect the plaintiff's constitutional right." We do not consider this argument as it is raised for the first time on appeal. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).