[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13431
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01853-CV-TWT-1

PHILLIP M. BRANCH, SR.,

Plaintiff-Appellant,

versus

SHIRLEY FRANKLIN, Mayor of Atlanta,
individually and in her official capacity, et al.,

Defendants,

THE CITY OF ATLANTA, GEORGIA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 3, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Phillip M. Branch, proceeding pro se, appeals the district court's entry of final judgment in favor of Defendants Shirley Franklin, Mayor of the City of Atlanta; Richard J. Pennington, City of Atlanta Chief of Police; Malachi S. Hull, the Director of the City of Atlanta Bureau of Taxicabs and Vehicles for Hire; Timothy J. Santelli, a member of the Taxicab Hearing Panel; and the City of Atlanta ("City"). Branch, who is a taxicab driver in Atlanta, filed suit alleging several violations of federal and state law relating to a citation, and related $25.00 fine, he received for wearing shorts while driving his taxicab, in violation of the City's ordinance concerning the dress code for drivers for hire. The district court dismissed Branch's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as to all the claims against the individual defendants. The district court subsequently entered summary judgment on Branch's claims against the City. After careful review, we affirm.

The applicable standards of review are straightforward. We review a district court ruling on a Rule 12(b)(6) motion to dismiss de novo, applying the same standards as the district court. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true. See Am. United Life Ins.

Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir.), cert. denied, (No. 07-215) (U.S. Oct. 29, 2007).

We likewise review de novo the district court's grant of summary judgment and apply the same standard used by the district court. Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001). All evidence and factual inferences reasonably drawn from the evidence are viewed in the light most favorable to the non-moving party. Id. at 1277. Summary judgment may be affirmed "if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th Cir. 1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The parties are familiar with the facts and we only summarize them here. The causes of action asserted in Branch's complaint stemmed from a citation he received for wearing shorts while driving his taxicab, in violation of the City's dress code ordinance, which provides the following:

> In order to maintain a permit to drive a vehicle for hire, a driver must . . . Wear proper dress while providing or offering to provide "vehicle

3

for hire services." As used herein, the term "proper dress" shall mean the following: Shoes which cover the foot (no sandals); pants to ankle length or a skirt or dress not shorter than knee length; pants shall not be noticeably torn; shirts or blouses must have sleeves, and a collar; the term "shirts or blouses" does not include tee shirts; shirts are required to be tucked in; clothing shall not be visibly soiled.

Atlanta City Code § 162-78. It is uncontested that Branch was wearing shorts when he received the citation. After a hearing, an administrative panel, which included Defendant Santelli, determined that Branch had violated the above-quoted City Code provision, and recommended that he be fined $25.00. The Atlanta Police Chief, Defendant Pennington, followed this recommendation. Branch then filed this suit, pursuant to 42 U.S.C. § 1983.

In his complaint, Branch alleged the following claims, among others: (1) that he had not been afforded an attorney or allowed to present legal arguments at the administrative hearing, in violation of his rights under the Sixth and Fourteenth Amendments; (2) that enforcement of the ordinance violated his equal protection rights because (a) the dress code sexually discriminated against males, (b) taxicab dress code violations were subjected to an "illegal administrative hearing" while traffic violations were adjudicated in municipal court, and (c) citations issued by "Taxi Inspectors to motorists who park in Taxi Stands are adjudicated in Municipal

4

Court while [Branch was] subjected to an illegal administrative hearing"; and (3) the dress code ordinance violated the Privileges and Immunities Clause.[1]

The defendants moved to dismiss Branch's complaint, pursuant to Rule 12(b)(6), arguing that the complaint failed to state a claim upon which relief could be granted. The district court granted the motion to dismiss as to Defendants Franklin, Pennington, Hull, and Santelli, in both their official and individual capacities, but denied the motion as to Branch's substantive due process and equal protection claims against the City.

After discovery, the City and Branch filed cross-motions for summary judgment. The district court granted the City's motion and denied Branch's. The court determined that the taxicab dress code met the rational basis standard, specifically finding that "the City's interest in its taxicab drivers' safe image and

_____

[1]Branch also asserted various state law claims, including that the City's dress code violated O.C.G.A. §§ 43-1A-2, 43-1A-6, and 36-35-3(a) and Article 6, § 1, Paragraph 1 of the Georgia Constitution, as well as claims that (1) his rights under 5 U.S.C. § 555(b) were violated because he was not afforded an appointed attorney; (2) his equal protection rights were violated because individuals practicing other professions that the City regulated were allowed to wear shorts; (3) the defendants conspired against him in violation of 18 U.S.C. § 241; (4) the defendants committed extortion, in violation of 18 U.S.C. § 1951(2); (5) the administrative hearing violated Article 6, Section 1, Paragraph 1 of the Georgia Constitution; and (6) the administrative hearing violated O.C.G.A. §§ 43-1A-2, 43-1A-6, and 50-13-13. On appeal, Branch has not briefed any issues relating to these claims. Accordingly, he has abandoned any such issues. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

5

appearance to visitors, even if not expressed in the statute or intended by its creators, provides a rational basis for the law." (Emphasis added).

After a thorough, de novo review of the record, we discern no error in the district court's analysis of the issues Branch raises before this Court. The district court did not err by dismissing Branch's Sixth Amendment claim because the underlying proceeding was administrative, rather than criminal, in nature, Branch was not charged with a felony, and no term of imprisonment was imposed. See Austin v. United States, 509 U.S. 602, 608 (1993) ("[t]he protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'"); Elliot v. S.E.C., 36 F.3d 86, 88 (11th Cir. 1994) (stating that"there is no statutory or constitutional right to counsel in an administrative proceeding of this kind"); see also M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996) (under Sixth Amendment, "[a] State must provide trial counsel for an indigent defendant charged with a felony, but that right does not extend to nonfelony trials if no term of imprisonment is actually imposed" (citations omitted)).

Moreover, the district court did not err by dismissing Branch's Privileges and Immunities claim because Branch did not claim access to Georgia courts as a noncitizen of the state of Georgia, nor did he claim that the taxicab dress code discriminates on the basis of out-of-state residency. See Pacheco de Perez v. AT &

6

T Co., 139 F.3d 1368, 1376 (11th Cir. 1998) (holding that the Privileges and Immunities Clause "requires each state to provide access to its courts 'to the citizens of all other states to the precise extent that it is allowed to its own citizens'" (quoting Chambers v. Baltimore & Ohio RR Co., 207 U.S. 142, 148 (1907)); see also Kirkpatrick v. Shaw, 70 F.3d 100, 102-03 (11th Cir. 1995) (concluding that appellant failed to state a claim under the Privileges and Immunities Clause because the Florida Bar Rules did not discriminate on the basis of out-of-state residency).

Nor did the district court err by dismissing Branch's procedural due-process claim or equal protection claim, which was based on Branch's allegation in the complaint that his equal protection rights were violated because citations issued by "Taxi Inspectors to motorists who park in Taxi Stands are adjudicated in Municipal Court while [Branch was] subjected to an illegal administrative hearing." In short, viewing the complaint in the light most favorable to Branch and accepting all of his well-pleaded facts as true, as the district court was required to do at the 12(b)(6) stage, he failed to assert a claim upon which relief could be granted.

We likewise find no error in the district court's entry of summary judgment in favor of the City on Branch's substantive due process and equal protection claims. We are unpersuaded by Branch's suggestion that he has a "fundamental

right to protect himself from the real threat of heat exhaustion and heat stroke" and thus, that the district court erroneously applied rational basis, rather than strict scrutiny, review to Branch's constitutional challenge to the dress code. The case of Bah v. City of Atlanta, 103 F.2d 964, 966 (11th Cir. 1997), is instructive. In that case, the City of Atlanta appealed the district court's grant of preliminary injunctive relief to a taxi driver who contended that the City's taxicab dress code ordinance violated the First Amendment and the Equal Protection Clause. After noting that the taxi driver had not contended that the dress code burdened a fundamental right or targeted a suspect class, we applied a rational basis analysis. Id. at 967. We determined that the taxicab dress code was rationally related to the City's legitimate interest in promoting a safe appearance and image, and, therefore, the dress code did not violate the Equal Protection Clause. Id. at 967-68; see also Williams v. Pryor, 240 F.3d 944, 947 (11th Cir. 2001) (for legislative acts that do not implicate fundamental rights or target suspect classes, this Court applies a rational basis standard). "[T]hose attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis which might support it.'" F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 315 (1993).

Put simply, strict scrutiny does not apply because Branch does not have a "fundamental right" to wear shorts, and Branch does not allege that the dress code

targets a suspect class.  The district court did not err by denying Branch's motion for summary judgment and granting summary judgment to the City on Branch's substantive due process and equal protection claims because the City's taxicab dress code is rationally related to the City's legitimate interest in promoting a safe image.

**AFFIRMED.**