[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14215
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01593-CV-TCB-1

SOUTHERN ENTERTAINMENT TELEVISION, INC.,

Plaintiff-Appellant,

versus

COMCAST CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 28, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Southern Entertainment Television, Inc. ("SET") appeals the district court's

final judgment in favor of Comcast Corp. ("Comcast"). SET is a music video

marketer and television programming service. Comcast is a provider of cable, entertainment, and communications products and services. SET filed this suit alleging a claim for breach of the parties' Affiliation Agreement and seeking $150 million in damages.[1] The district court granted Comcast's motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, finding that SET had not stated a claim for breach of the Affiliation Agreement because that agreement obligated Comcast to carry SET's programming <u>only</u> in the event that Comcast <u>launched</u> SET's programming. On appeal, SET argues that the terms of the Affiliation Agreement are ambiguous and that Comcast triggered its obligations by issuing a "launch notice." We affirm.

A district court's dismissal pursuant to Rule 12(b)(6) is subject to <u>de</u> <u>novo</u> review. <u>See</u> <u>Harris v. IVAX Corp.</u>, 182 F.3d 799, 803 (11th Cir. 1999). We take as true the allegations the plaintiff sets forth in the complaint and examine whether those allegations describe an injury for which the law provides relief. <u>See</u> <u>Welch v. Laney</u>, 57 F.3d 1004, 1008 (11th Cir. 1995). We construe the plaintiff's allegations liberally because the issue is not whether plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support its claims. <u>See</u> <u>Scheuer v. Rhodes</u>,

---

[1]  SET also asserted an antitrust claim, which the district court dismissed for failure to state a claim. The dismissal of the antitrust claim is not at issue in this appeal.

416 U.S. 232, 236 (1974). We also review de novo the district court's interpretation of a contract's provisions. LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1515 (11th Cir. 1997).

On appeal, SET urges that the district court's dismissal of the complaint was based on a misunderstanding of the term "launch," which is not defined in the Affiliation Agreement. The Affiliation Agreement was executed on August 8, 1997, between SGM Television, Inc. ("SGM"), which ultimately assigned the Agreement to SET, and Satellite Systems, Inc. ("SSI"), now a wholly-owned subsidiary of Comcast. The provision at issue provides the following:

> [SSI] shall have the right, upon written notice to [SGM] within thirty (30) days thereof, to elect to include under this Agreement, and to demand authorization from [SGM], if necessary, and to launch the Service [SGM's programming] on, any Cable System or other video distribution system or enterprise by which or to which [SSI] is authorized to exhibit, distribute, subdistribute and/or authorize the reception of the Service [SGM's programming] pursuant to Section 1(a) hereof. Any Cable System or other video distribution system or enterprise that meets the System Qualifications of Exhibit A hereto, and that [SSI] elects to include under this Agreement, individually, as a "System" or, collectively, as "Systems," as set forth on Schedule 1 hereto, as such Schedule 1 may be added to or deleted from, from time to time, pursuant to the terms of this Agreement. Upon [SGM's] receipt of notice of such an election, Schedule 1 hereto shall be deemed to include such System and such System shall be included as a System under this Agreement as if the later of: (i) the launch date of the Service [SGM's programming] on such System, (ii) the date such System first meets the System Qualifications of Exhibit A hereto, or (iii) the date for

inclusion specified in such notice if such notice is properly given pursuant to Section 11 hereof.

On October 31, 1997, SSI issued a "Notification of Digital Launch" to SGM. The Notification provided that SSI was "propos[ing] to launch the SGM service" with a proposed launch date of December 9, 1997. It is undisputed that neither SSI nor Comcast ever carried the programming of SGM, or its successor, SET. In other words, the proposed launch never took place.

Put simply, the Agreement does not obligate Comcast to carry SET's programming under these circumstances. Rather, the Agreement gives Comcast a non-exclusive right, but not an obligation, "to exhibit, distribute, and authorize" SET's programming. Under the terms of the Agreement, any obligation on Comcast's part is triggered only upon "launch," which did not occur here. Moreover, contrary to SET's argument, asserted for the first time here, issuance of a "launch notice," alone, does not suffice. In short, the "Notification of Digital Launch" did not constitute a "launch" of SET's programming, as contemplated by the unambiguous terms of the Affiliation Agreement. Accordingly, Comcast did not breach the Agreement by failing to carry SET's programming. We discern no error in the district court's interpretation of the Agreement or the court's legal analysis, including its

4

application of the dismissal standard under Rule 12(b)(6), as discussed in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007).

**AFFIRMED.**