**In the Matter of Stephen R. COLLINS, Debtor.**

**James L. Drake, Jr., Chapter 7 Trustee, Plaintiff**

v.

**Sea Island Bank, Defendant.**

**Bankruptcy No. 10–40868. Adversary No. 11–4082.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

May 16, 2012.

918

Shawna Y. Staton, James L. Drake, Jr., PC, Savannah, GA, for Plaintiff.

Laura H. Wheaton, Statesboro, GA, for Defendant.

## MEMORANDUM AND ORDER
## ON MOTION TO DISMISS

LAMAR W. DAVIS, JR., Bankruptcy Judge.

This case comes before the Court on Defendant, Sea Island Bank's, Motion to Dismiss the Chapter 7 Trustee's 11 U.S.C. § 547 preference action.

### FINDINGS OF FACT

Debtor, Stephen Collins, filed Chapter 11 bankruptcy April 22, 2010. He is the sole owner of Del–A–Rae, Inc., which had already filed Chapter 11 bankruptcy October 5, 2009. Collins's case was converted to Chapter 7, June 3, 2011, and James L. Drake was appointed the Chapter 7 Trustee. Dckt. No. 134.[1] The Trustee filed this adversary proceeding against Sea Island Bank to avoid and recover a preferential transfer. Sea Island Bank filed a Motion to Dismiss asserting the doctrine of res judicata because Collins previously sued to avoid the possibly preferential transfer under 11 U.S.C. § 547, while he was the debtor-in-possession.

In March 2006, Debtor, Stephen Collins, as President of Del–A–Rae, executed a Promissory Note between Del–A–Rae and Sea Island Bank in the amount of $2,506,260.00, maturing March 10, 2009. Case No. 09–42267, Dckt. No. 80, Ex. A. Collins was not listed as a Borrower on the Note. *Id.* This Note was secured by a Deed to Secure Debt from "GRANTOR: Stephen R. Collins and Del–A–Rae, Inc." Case No. 09–42267, Dckt. No. 80, Ex. C.

---

1. For this Order, citations to the main bankruptcy case [10–40868] will appear as "Dckt. No. ——"; citations to the Chapter 7 Trustee's Adversary Proceeding [11–4082] will appear as "A.P. Dckt. No. ——"; citations to Collins's Adversary Proceeding [11–4006] will appear as "A.P. No. 11–4006, Dckt. No. ——"; and citations to the Del–A–Rae bankruptcy case [09–42267] will appear as "Case No. 09–42267, Dckt. No. ——".

Collins signed the Deed to Secure Debt as both an individual "Borrower" and as President of Del–A–Rae, but the property conveyed, 232 Acres Highway 17, Guyton, Georgia, belonged only to Collins the individual. *Id.;* Case No. 09–42267, Dckt. No. 80, Ex. D.

July 2009, Sea Island Bank filed an action in Effingham County Court for a money judgment against Del–A–Rae and Collins, as an individual. Del–A–Rae filed Chapter 11 bankruptcy, October 5, 2009, during the pendency of the state court action; it appears the action was then stayed as to Del–A–Rae. The Superior Court of Effingham County entered an "Order Granting Plaintiff's Motion for Summary Judgment Against Defendant Stephen Collins Only" (Order Granting Summary Judgment), December 16, 2010. A.P. No. 11–4088, Dckt. No. 6, Ex. A. The Judgment was for $3,029,994.28 as guarantor of Del–A–Rae and $430,962.28 for his individual debt, both with interest accruing daily.

In February 2010, Sea Island Bank executed on the Judgment by obtaining a Writ of Fieri Facias against Collins, issued by the Effingham County Clerk of Superior Court, and recorded it in both Effingham and Screven Counties, listing the amount of the debt as $3,461,091.56. *Id.* at Exs. B & C.

On his bankruptcy filings, Collins scheduled Sea Island Bank as a secured creditor with a disputed claim in the amount of $3,029,994.28 secured by 232 Acres Highway 17, Guyton, Georgia and by Judgment in the Superior Court of Effingham County. *Schedule D,* Dckt. No. 16, 10. Collins listed the 232 Acres Highway 17, Guyton, Georgia as a Real Property asset worth $3,700,000.00 and encumbered by a secured claim of $3,029,994.28. *Schedule A.* Dckt. No. 16, 3. Collins also scheduled two additional pieces of real property: (1) 11.6 Acres Bryans Bridge Road, Screven County, valued at $48,000.00 and unencumbered, (2) 1.69 Acres Corner Lot Little McCall & 119, Effingham County, valued at $150,000.00 and encumbered by a secured claim for $78,950,00. *Id.* These two tracts would be encumbered by the judgment lien under Georgia law.

Collins commenced an adversary proceeding against Sea Island Bank to determine the validity, priority, and extent of the claim created by the Judgment and Writ of Fieri Facias, January 27, 2011. Dckt. No. 115. Specifically, Collins requested the Court to "avoid the Judgment Lien of Sea Island Bank pursuant to 11 U.S.C. §§ 506 and 547." *Id.* The Court granted Sea Island Bank's Motion for a More Definite Statement with the stipulation that the adversary proceeding would be dismissed pursuant to Bankruptcy Rule 7012(b)(6) if Collins failed to file his amended complaint within fifteen days. *Consent Order,* A.P. No. 11–4006, Dckt. No. 12. Collins failed to file an amended complaint; instead releasing his attorney two days before the amended complaint was due, after thorough questioning and explanation by the Court that he would not receive additional time as a result of his choosing to dismiss his attorney. Still the Court exercised leniency with Collins and did not file the Order Dismissing the Adversary until May 11, 2011, thirty-five days after the entry of the Order requiring an amended complaint. A.P. No. 11–4006, Dckt. No. 17.

After the case was converted, the Trustee filed this adversary proceeding against Creditor, Sea Island Bank, again seeking to avoid the Judgment and the Writ of Fieri Facias as a preferential transfer under 11 U.S.C. § 547, to recover the transfer for the benefit of the estate pursuant to 11 U.S.C. § 550, and to preserve the avoided transfer for the estate under 11 U.S.C.

§ 551. A.P. Dckt. No. 1. In response, Sea Island Bank filed the Motion to Dismiss on the basis of res judicata because Collins already unsuccessfully sued to avoid the Judgment and Writ of Fieri Facias as a preferential transfer under 11 U.S.C. § 547, while he was the debtor-in-possession.

### CONCLUSIONS OF LAW

A. Motion to Dismiss Reviewed Under Summary Judgment Standard.

Sea Island Bank filed the Motion to Dismiss Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), which makes Federal Rule of Civil Procedure 12(b) applicable in adversary proceedings, but the Court will review the facts and circumstances under the summary judgment standard, pursuant to subsection 12(d),[2] which provides that a motion under either 12(b)(6) or 12(c) must be treated as a motion for summary judgment under Rule 56 when matters outside the pleadings are presented and not excluded by the court. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56 (incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7056).

The Chapter 7 Trustee does not dispute the material facts. A.P. Dckt. No. 15, 3 (Feb. 21, 2012). Therefore, the only remaining question is whether Sea Island Bank is entitled to judgment as a matter of law.

■ Sea Island Bank argues it is entitled to judgment based on res judicata. According to the Eleventh Circuit, res judicata only applies when the movant has established all four elements are present: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same cause of action." *Clark v. Palm Harbor Homes. Inc. (In re Clark)*, 411 B.R. 507, n. 2 (Bankr.S.D.Ga.2009) (Davis, J.) (*quoting In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir.2001)); *Evergreen Foods Inc. v. Thomas J. Lipton Co. (In re Greene)*, Case No. 89–1096, 15, 1992 WL 12676631 (Bankr.S.D.Ga. July 31, 1992) (Davis, J.); *see Jackman v. Mortg. Elec. Registration Sys.*, 2011 WL 4954252 (*citing Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999)).

B. Application of Res Judicata.

■ 1. *Prior decision made by a court of competent jurisdiction.* This Court entered the Order dismissing Debtor's adversary proceeding, which Sea Island Bank relies upon in asserting res judicata.

2. *Final Judgment on the Merits.* The Order dismissing Debtor's adversary proceeding is a final judgment on the merits.

■ Generally, dismissal of a pleading for failure to state a claim upon which relief can be granted, Rule 12(b)(6), is a

---

**2.** Federal Rule of Civil Procedure 12(d) requires that all parties "be given a reasonable opportunity to present all the material that is pertinent to the motion." The Court notified the Parties that the Motion to Dismiss would be reviewed under the standard for summary judgment and allowed them twenty-one days to respond. *Notice on Motion for Summary Judgment*, A.P. Dckt. No. 8, (Jan. 17, 2012). The Chapter 7 Trustee filed a Memorandum of Law in Support of Objection to Defendant's Motion for Summary Judgment and Sea Island Bank filed a Reply Brief. A.P. Dckt. No. 15 (Feb. 21, 2012); A.P. Dckt. No. 17 (Mar. 7, 2012).

final judgment as defined by Federal Rule of Civil Procedure 54, incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7054, because it is an "order from which an appeal lies." FED.R.CIV.P. 54; *see, e.g., Branch v. Franklin,* 285 Fed.Appx. 573, 573 (11th Cir.2008) (stating that Plaintiff appeals from district court's final judgment, which dismissed his claim pursuant to 12(b)(6)); *S. Entm't Television, Inc. v. Comcast Corp.,* 270 Fed.Appx. 747, 747 (11th Cir. 2008) (stating that Plaintiff appeals from district court's final judgment, an order dismissing its claim according to 12(b)(6)). More specifically, "where an order dismisses a complaint with leave to amend within a specified period, the order becomes final (and therefore appealable) when the time period allowed for amendment expires." *Briehler v. City of Miami,* 926 F.2d 1001, 1001 (11th Cir.1991) (*citing Schuurman v. Motor Vessel "Betty K V",* 798 F.2d 442, 445 (11th Cir.1986)).

▮ Dismissal of Debtor's adversary proceeding was a judgment on the merits because it was a dismissal pursuant to Rule 12(b)(6). A.P. No. 11–4006, Dckt. Nos. 12 & 17. Contrary to the Chapter 7 Trustee's argument "[r]eliance on a rule of 'procedure' does not foreclose the possibility that a court is ruling 'on the merits.'" *Borden v. Allen,* 646 F.3d 785, 812 (11th Cir.2011). In fact, a dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is, unequivocally, a judgment on the merits. *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'") (*citing Angel v. Bullington,* 330 U.S. 183, 190, 67 S.Ct. 657, 91 L.Ed. 832 (1947): *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). The Chapter 7 Trustee admits that dismissal of Debtor's adversary proceeding was according to Federal Rule of Bankruptcy Procedure 7012(b)(6). *Plaintiffs Memorandum.* A.P. Dckt. No. 15, 4 (Feb. 21, 2012); *Consent Order,* A.P. No. 11–4006. Dckt. No. 12 (April, 12, 2011).

3. *Identity of the Parties.* For the purposes of res judicata, the Parties in this action are the same parties who participated in the Debtor's adversary proceeding because the Chapter 7 Trustee is in privity with Debtor.

▮ Privity, a common law concept, has been interpreted to connote a "legal conclusion that the relationship between the one who is a party on the record and the nonparty is sufficiently close to afford application of the principle of preclusion." *Sw. Airlines Co. v. Texas Int'l Airlines, Inc.,* 546 F.2d 84, 95 (5th Cir.1977) (Fifth Circuit decisions prior to 1981 are binding upon courts on the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981)). Courts find the relationship to be sufficiently close in three circumstances: (1) when the non-party succeeds to a party's interest in property; (2) when the non-party controlled the original suit; or (3) when the non-party's interests were adequately represented by a party in the original suit. *Id.* The Chapter 7 Trustee treats the court's decision in *Southwest Airlines* as if it creates a three part rule requiring all three components to be met; however, the Southwest Airlines Court discussed each of these three occurrences as a separate and independent cause creating or demonstrating a sufficiently close relationship.

(1) Successor in Interest. The Chapter 7 Trustee has succeeded to Collins's interest in the property of the bankruptcy estate.

■ The bankruptcy estate comes into being at the filing of the bankruptcy petition. 11 U.S.C. § 541. While his case was in Chapter 11, Collins served as Debtor–in–Possession and exercised control over the bankruptcy estate. 11 U.S.C. § 1107. Upon conversion to Chapter 7, a trustee was appointed, and he succeeded to Debtor–in–Possession's interest in the bankruptcy estate. The trustee is the "successor in interest to the debtor in possession", and "as the successor, the trustee is bound by all authorized acts of the debtor in possession." *Nicholas v. U.S.*, 384 U.S. 678, 692–93 and n. 27, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966) (holding Trustee responsible for paying taxes the debtor-in-possession allowed to accrue); *Pollack v. FDIC (In re Monument Record Corp.)*, 71 B.R. 853, 862 (Bankr.M.D.Tenn.1987) ("conclud[ing] that the trustee is a successor to the debtor in possession."); *see also Albert v. Chesapeake Bank & Trust Co. (In re Linton Props., LLC)*, 410 B.R. 1, 12 (Bankr.D.D.C.2009) (denying Trustee's challenge of garnishment lien because the court found he was bound by debtors-in-possession's agreement not to challenge the garnishment lien).

(2) Control. The Chapter 7 Trustee did not control the original suit; he was not appointed until well after the Debtor's adversary proceeding, brought as Debtor–in–Possession, had been dismissed and Debtor's bankruptcy case was converted from Chapter 11 to Chapter 7. Thus this element was not established. However, as noted above, the test is not whether all three standards are met.

(3) Adequately Represented Interests. The Chapter 7 Trustee's interests were adequately represented by Debtor, as Debtor–in–Possession, in Debtor's adversary proceeding.

■ The Chapter 7 Trustee argues his interests, increasing the funds in the bankruptcy estate, were not adequately represented by Debtor because Debtor's attorney withdrew from the case two days before the deadline for filing an amended complaint. However, Debtor, who also wanted to replace his counsel, was warned of the consequences of these actions by the Court. 'Adequately represented' does not mean 'successfully represented.' In finding that the non-party's interests had been adequately represented, the Southwest Airlines Court relied on the fact that the legal interests of the party and the nonparty did not differ; they were both attempting to enforce a public ordinance, even if they desired the enforcement for different purposes. *Southwest Airlines*, 546 F.2d at 100. Similarly, the Bankruptcy Court for the Middle District of Tennessee found that having "similar incentives, powers and opportunities to investigate and litigate is indicative of privity." *Pollack*, 71 B.R. at 861 (*citing Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 301 (7th Cir.1985) (holding that the trustee was bound by the previous litigation of creditor's motion for relief from stay against the debtor-in-possession when he attempted to void that same creditor's lien)). Thus, it found "the interests of the estate and its creditors were represented by the debtor-in-possession" in the previous litigation. *Id.* The court further held that while the debtor is acting as debtor-in-possession in a Chapter 11 case, "the bankruptcy Code positions the debtor-in-possession and the creditors' committee to protect the same legal interests as a trustee." *Id.* It relied on 11 U.S.C. § 1107(a), which states that

[s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330

of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

The Middle District of Tennessee reviewed the legislative history to section 1107 and found that it "confirms the alignment of the trustees and debtors-in-possession: 'This section places a debtor in possession in the shoes of a trustee in every way.'" *Pollack*, 71 B.R. at 861. Subsection 1106(a)(1) requires the trustee appointed under Chapter 11 to perform all applicable duties of a trustee under Chapter 7, 11 U.S.C. § 704. Furthermore, Federal Rule of Bankruptcy 9001 states "the following words and phrases used in these rules have the meanings indicated ... 'Trustee' includes a debtor in possession in a chapter 11 case."

I hold that identity of the parties is shown under either the successor in interest standard or the adequate representation standard.

4. *Same Cause of Action.* The causes of action brought by the Chapter 7 Trustee are the same causes of action that were brought, or that could have been brought, by Debtor.

▮ According to the Eleventh Circuit, the causes of action are the same when "the primary right and duty are the same in each case." *Ragsdale v. Rubbermaid,* 193 F.3d 1235, 1239 (11th Cir.1999). To determine whether the primary right and duty are the same, the "court must compare the substance of the actions" and not simply rely on the form of the actions to conclude whether the claims "arise out of the same nucleus of operative fact or [are] based upon the same factual predicate." *Id.*

There exists no real question as to whether the claims brought now by the Chapter 7 Trustee arise out of the same nucleus of operative facts: the Chapter 7 Trustee relies on the same facts as Debtor did in his adversary proceeding and seeks relief based on the avoidance section—11 U.S.C. § 547. The Chapter 7 Trustee seems to confuse the test for determining the identity of the claims element of res judicata with that of issue preclusion. He argues that res judicata does not apply because the claims he brings are not identical; however, res judicata requires only that the claims were brought or could have been brought during the prior action. The Chapter 7 Trustee's claims under sections 550 and 551 could have been asserted by Debtor in his adversary proceeding. The application of both sections 550 and 551 is inextricably linked with the results of the section 547 claim, thus the claims arise out of the same nucleus of operative facts.

▮ The Chapter 7 Trustee asserts that the identity of the claims is not the same because the rights and duties of the Chapter 7 Trustee are different from those of a debtor. However, the rights and duties of Debtor as debtor-in-possession do not differ from those of the Chapter 7 Trustee in a manner which creates new claims or precludes the application of res judicata. A debtor-in-possession stands in the shoes of a trustee in Chapter 11 for all purposes except the right to compensation and the duty to investigate. 11 U.S.C. § 1107(a). Title 11 sections 547, 550, and 551 all apply in both Chapter 7 and Chapter 11 and can be asserted by either the trustee or the debtor-in-possession, so the rights being asserted by the Chapter 7 Trustee do not vary from those carried out by Debtor as debtor-in-possession.

## CONCLUSION

The doctrine of res judicata is meant to serve the purposes of providing the parties a "full and fair opportunity to litigate

[which] protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale,* 193 F.3d at 1238 (*quoting Montana v. U.S.,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). The four requirements of res judicata ensure that this full and fair opportunity has been provided before the action is barred. Each of the four elements has been demonstrated and allowing the Chapter 7 Trustee to bring this adversary proceeding would offend the purposes served by the doctrine of res judicata.

Summary Judgment is appropriate because there is no factual dispute and the application of res judicata entitles Sea Island Bank to judgment as a matter of law.

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Chapter 7 Trustee's claims are BARRED and that Sea Island Bank's Motion for Summary Judgment is GRANTED.